ATTORNEY GENERAL *vs.* JOHN D. O'BRIEN.*

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

Removal of register of probate and insolvency for the county of Hampden under G. L. c. 211, § 4.

PETITION, filed by the Attorney General in the Supreme Judicial Court for the county of Hampden on August 24, 1932, under G. L. c. 211, § 4, and supported by affidavits of the Attorney General and of the assistant commissioner of the department of mental diseases, in which the petitioner averred that the register of probate and insolvency for the county of Hampden had become wholly incompetent and unable to perform the duties of his office by reason of mental disease and had ceased to perform such duties, and that the public good required his removal from such office. The prayer of the petitioner was that this court, by a majority of its justices, remove the respondent from his office.

An order of notice to show cause was issued on August 30, 1932, returnable on September 22. On September 14,

---

* Proceedings under the same statutory provisions, but on grounds different from those set out in the petition above reported, are reported in *Attorney General* v. *Tufts*, 239 Mass. 458, and in *Attorney General* v. *Pelletier*, 240 Mass. 264. Proceedings for the same cause as that set out in the petition above reported were had respecting the district attorney of the Suffolk district as reported, *Commonwealth* v. *Cooley*, 1 Allen, 358; and in a case, hitherto not reported, respecting the register of probate and insolvency for the county of Middlesex in 1904. It has seemed best now to make a report of the proceedings in 1904. They were as follows:

CATHARINE A. FOLSOM & others *vs.* SAMUEL H. FOLSOM.

Present: KNOWLTON, C.J., MORTON, BAKER, HAMMOND, & LORING, JJ.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on November 18, 1904, by the wife and two daughters of the register of probate and insolvency for the county of Middlesex, in which the petitioners averred that, by reason of a derangement and enfeebling of the intellect, the respondent had been rendered unable to perform any of the duties of his office for the space of more than eight months; that there was no reasonable ground to hope that he ever would be restored to such a condition as would

1932, by order of the court, a guardian *ad litem* of the respondent was appointed.

There was a hearing at the sitting of the full court at Springfield on September 22, 1932. The guardian *ad litem* reported in writing that, after having examined the petition of the Attorney General, the official hospital records, and after having personally interviewed the doctors whose affidavits were affixed to the petition, the various doctors and attendants at the United States Veterans' Administration Hospital at Northampton, the personal physicians of the respondent, relatives and others, and after having carefully interviewed and examined the respondent at the hospital, he had concluded that he did not care to be heard in opposition to the allowance of the petition. Oral testimony of experts in mental diseases also was heard. After

---

enable him to perform such duties; that his longer continuance in office was likely to embarrass the administration of public justice; and that, therefore, the public good required his removal from office. The prayer of the petition was for such removal.

An order of notice to show cause was issued on November 18, 1904, returnable on November 28, and was duly served upon the respondent on November 21, 1904.

On the return day of the order of notice, a guardian *ad litem* was appointed, who on the same day filed an answer stating: "The said petition having been read by me and personally knowing the several allegations thereof to be true, I admit the truth of the facts set forth in said petition and consent to the allowance of the prayer of said petition."

The court then heard evidence, took the matter under advisement, and later on the same day caused the following judgment to be entered:

"Present: *Knowlton*, C.J., *Morton, Barker, Hammond,* & *Loring,* JJ.

"At Boston, November 28, 1904.

"The petition of Catharine A. Folsom *et al.*, for the removal of Samuel H. Folsom from the office of Register of Probate and Insolvency for the County of Middlesex having been heretofore presented to a majority of the justices of said Court, and an order of notice having been issued thereon, and a return of due service of the same upon the said Folsom having been made, and the said Folsom having failed to appear, and Maynard E. S. Clemons, Esq., appointed guardian *ad litem* of said Folsom, having filed an answer, admitting the truth of the facts set forth in the petition and consenting to the allowance of the prayer thereof:

"It appearing, upon the hearing of evidence, that sufficient cause is shown therefor, and that the public good so requires, it is ordered by the above named justices, they being a majority of the justices of said Court, under the authority conferred by the Revised Laws, chapter 156, § 4, that the said Samuel H. Folsom be and he hereby is removed from the office of Register of Probate and Insolvency for the County of Middlesex.

"By the Court,
                C. H. Cooper, Clerk."

taking the matter under advisement, the following judgment was entered:

"At Springfield in the County of Hampden,
September 22, 1932.

"Present: *Rugg*, C.J., *Crosby, Wait, Donahue,* & *Lummus*, JJ.

"The petition of the Attorney General for the removal of John D. O'Brien from the office of Register of Probate and Insolvency for the County of Hampden having been heretofore presented to a majority of the justices of said Court and an order of notice having been issued thereon and a return of the service of the same upon said John D. O'Brien having been made, and William G. McKechnie, Esquire, appointed as guardian *ad litem* of said John D. O'Brien having appeared in his behalf and made report to the Court, and full opportunity having been given for the presentation of all evidence material to determination of the issues raised under said petition:

"It appearing, upon the hearing of evidence, that said John D. O'Brien has become wholly incompetent and unable to perform the duties of his office, by reason of mental disease, and has ceased to perform such duties, and that the public good so requires, it is ordered by the above named justices, they being a majority of the justices of said Court, under the authority conferred by the General Laws, chapter 211, section 4, that the said John D. O'Brien be and he hereby is removed from the office of Register of Probate and Insolvency for the County of Hampden.

ARTHUR P. RUGG.
JOHN C. CROSBY.
WILLIAM CUSHING WAIT.
CHARLES H. DONAHUE.
HENRY T. LUMMUS."