OPINION OF THE JUSTICES TO THE SENATE.

*Constitutional Law*, Separation of powers of government. *Public Officer*. *Municipal Corporations*, Officers and agents.

An act providing for the removal of a mayor of a city by a majority of the Justices of this court if in their judgment the public good so required would be a violation of art. 30 of the Declaration of Rights.

On April 4, 1938, the Senate adopted the following order:

WHEREAS, There is pending before the Senate a bill entitled "An Act relative to the removal by a majority of the Justices of the Supreme Judicial Court of certain officers of cities and towns of the Commonwealth", printed as House, No. 1657, as amended, a copy whereof is hereto annexed; and

WHEREAS, Grave doubt exists as to whether said bill, if enacted into law, would be violative of the provisions

of the constitution of the Commonwealth or of the United States; therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the Senate on the following important questions of law: —

1. Is it competent for the General Court to enact legislation, as set forth in said bill, providing for the removal of a mayor of a city by a majority of the Justices of the Supreme Judicial Court, upon a petition brought by the Attorney General, if in their judgment the public good so requires, notwithstanding that there is no specific requirement in said legislation that sufficient cause be shown for such removal, or would said bill, if enacted into law, be violative of Article XXX of Part the First of the Constitution of the Commonwealth?

2. To what extent, if any, is the power of removal of a mayor, as conferred or imposed upon the Justices of the Supreme Judicial Court by said bill, a function other than judicial, and therefore violative of Article XXX of Part the First of the Constitution of the Commonwealth?

On April 6, 1938, the order was transmitted to the Justices, who, on April 20, 1938, returned the following answers:

To The Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions proposed in an order adopted on the fourth day of April, 1938, a copy whereof is hereto annexed.

These questions call for an interpretation of art. 30 of the Declaration of Rights of the Massachusetts Constitution as applied to the judicial department of government. That article in peculiarly forceful and clear language, declares that in "the government of this commonwealth" the legislative, executive and judicial departments shall forever be kept separate, that no one of them shall ever exercise the powers of either of the others, and that the judicial department "shall never exercise the legislative and executive powers, or either of them."

The proposed statute is in substance an addition at the end of G. L. c. 211, § 4, without other change in its words. It must be construed as a part of that section and with reference to its other parts. That section, as it now stands, comprises two parts. The first part provides that a majority of the Justices of the Supreme Judicial Court may, "if in their judgment the public good so requires, remove from office a clerk of the courts or of their own court." Those words confer an absolute power of removal; they relate to public officers as to whom the Justices may be presumed to have personal knowledge from frequent contact. These officers were formerly appointed by the Justices. Although appointment to and removal from public office are commonly executive or administrative in nature, these officers were for many years appointed by the Justices, apparently without any thought of conflict with said art. 30. Compare St. 1830, c. 129, *Case of Supervisors of Election,* 114 Mass. 247, and *Boston* v. *Chelsea,* 212 Mass. 127. This power of removal is judicial in the sense that it is incidental to the performance of the judicial functions of the court. It falls within the considerable number of subsidiary duties which may be exercised by the Justices without going outside those which pertain to the judicial faculty. As to these officers, removal may be made as an administrative act without judicial process or without explicit requirement for hearing. The validity of such removal rests upon the intimate relation between the duties of these officers and the performance of service essential to the courts.

The second part of said § 4 relates to clerks of other courts, registers of probate and other county officers, including district attorneys. As to the competency and conduct of these officers, it may be supposed that the Justices of this court have knowledge. This part of the section requires petition, hearing, the showing of "sufficient cause," and proof that the removal is required by the "public good." Thus, this part of the statute enjoins two findings as a prerequisite to removal. These officers are not political in the ordinary meaning, but their duties are in the main concerned with administering justice, which is

in a sense under the general supervision of the Supreme
Judicial Court. That part of the section is doubtless con-
stitutional. Its validity has been expressly upheld so far
as it relates to the removal of a district attorney. *Attorney
General* v. *Tufts*, 239 Mass. 458, 480. *Attorney General* v.
*Pelletier*, 240 Mass. 264, 296. See, also, as to register of
probate and insolvency, *Attorney General* v. *O'Brien*, 280
Mass. 300. Those decisions rest largely on the basis that
the duties of a district attorney have such intimate con-
nection with the administration of justice and the work of
the courts in their jurisdiction over crime as to render an
inquiry into their fitness, upon grounds proper for judicial
procedure, an appropriate function of courts.

The proposed addition to the existing § 4 provides that
the Justices "may, upon a petition brought by the attorney
general, if in their judgment the public good so requires,
remove a mayor of any city or a chief of police of any city
or town." These officers are largely municipal or local in
. their field of operation. In the main, they perform execu-
tive duties. They have no intimate connection with the
courts or the administration of justice. The removal of
such officers cannot rightly be said to be incidental to the
judicial function. The reasons which upheld the statute
as to the removal of district attorneys and other county
officers are entirely wanting in the proposed bill as to the
removal of mayors. The proposed addition prescribes no
standards for removal except that it must be required by
the "public good." Removal on this ground is an executive
function. In this particular the proposed addition to the
statute is in marked contrast to the statute as to corrupt
practices, which was under consideration in *Ashley* v. *Three
Justices of the Superior Court*, 228 Mass. 63, and *Ross* v. *Crane*,
291 Mass. 28, where the phrase "corrupt practices" was
defined with sufficient explicitness in the governing statute.

The power to remove officers is executive in its nature.
*Murphy* v. *Webster*, 131 Mass. 482, 488. *Stiles* v. *Municipal
Council of Lowell*, 233 Mass. 174, 181. Courts have no
inherent power to remove elected or executive officers. A
judicial review may be had of the propriety or good faith

of a finding of cause by one intrusted with the power of removal. *Driscoll* v. *Mayor of Somerville*, 213 Mass. 493. The general question of executive policy involved in a removal cannot be turned over to the courts. *Selectmen of Milton* v. *Justice of the District Court*, 286 Mass. 1, 4, 5. The members of the judiciary cannot be required to appoint such officers. *Case of Supervisors of Election*, 114 Mass. 247. Removal stands in general on the same footing. See *Worcester County National Bank, petitioner*, 263 Mass. 444. Standing alone, the proposed bill does not state a rule to be applied in a judicial proceeding, although the public good may be considered with other grounds. Officers who perform work in connection with the courts may be removed as an incident of the judicial function. But the removal of mayors does not fall within this principle. The acts of a mayor have no connection with the business of the courts. The grounds for the removal of mayors must be stated in plain terms and "must be cognizable by the courts in the exercise of judicial attributes." *Attorney General* v. *Pelletier*, 240 Mass. 264, 300. There is in the proposed addition to the statute no mandate that sufficient cause must be shown, as well as requirement by the public good. The proposed addition to the statute ignores the distinction between matters of judicial administration and matters which have no relation to the operation of the courts. Since the proposed addition to the statute sets up no standard as basis for removal except the general standard of the public good, the question for decision in a case on the removal of a mayor would be wanting in judicial attributes essential to bring it within the scope of the judicial power. The same would be true if the proposed addition required "sufficient cause" as well as "public good" as a prerequisite to the removal of a mayor. He is in no sense under the eye of the court, and his duties are not connected with the courts. The determination of what is "sufficient cause" in such a matter is executive or administrative and not judicial in its nature.

The duties of a mayor in modern conditions are manifold and are in numerous aspects subject to examination.

In many city charters there are provisions for a recall of a mayor. Concurrence of the city council is required in important matters. If a mayor acts wrongly, or wrongfully refuses to act in matters intrusted to him by the statutes, his conduct in some instances may be constrained to conform to the law under established proceedings. Outside the matters for which there are already remedies, the things which involve the public good, or sufficient cause, are largely political questions. What the public good might require would generally involve a determination of political considerations.

The conclusion is that, in our opinion, it would be violative of the constitutional prohibition against the exercise of executive powers by the judicial department of government for the courts to undertake the removal of mayors as provided in the proposed bill.

We answer, to the first question, that it is not competent for the General Court to enact legislation as set forth in the bill providing for the removal of a mayor of a city by a majority of the Justices of the Supreme Judicial Court, and that said bill, if enacted into law, would be violative of art. 30 of Part the First of the Constitution of the Commonwealth.

It follows without further discussion, from what has been said, that it is impracticable to answer the second question as to what extent, if any, the power of removal of a mayor as embodied in the proposed bill imposes upon the Justices of the Supreme Judicial Court a function other than judicial, further than to say that such power, in our opinion, lies outside the limits of the judicial department as prescribed by the words of said art. 30 and the practice which has grown up under it.

> ARTHUR P. RUGG.
> FRED T. FIELD.
> CHARLES H. DONAHUE.
> HENRY T. LUMMUS.
> STANLEY E. QUA.
> ARTHUR W. DOLAN.
> LOUIS S. COX.