EDWARD F. COLLINS *vs.* SELECTMEN OF BROOKLINE.

Norfolk.    March 10, 1950. — March 31, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Constitutional Law,* Separation of powers of government. *Public Officer. Housing. Municipal Corporations,* Officers and agents.

A member of a local housing authority is a public officer.

The removal of a member of a local housing authority by the procedure prescribed by G. L. (Ter. Ed.) c. 121, § 26M, as appearing in St. 1946, c. 574, § 1, is an executive or administrative, not a judicial, function; the statute therefore does not violate art. 30 of the Declaration of Rights as an attempt to confer judicial power upon an executive or administrative officer or board.

G. L. (Ter. Ed.) c. 121, § 26M, as appearing in St. 1946, c. 574, § 1, is not invalid in that it lodges in the board of selectmen of a town the power to remove an elected member of a local housing authority in the town.

PETITION for a writ of certiorari, filed in the Supreme
Judicial Court for the county of Norfolk on June 30, 1949,
and subsequently transferred to the Superior Court.

The case was heard by *Baker*, J.

*H. Williams*, (*J. H. Elcock, Jr.*, with him,) for the
petitioner.

*D. G. Rollins*, for the respondents.

RONAN, J. This is a petition for a writ of certiorari
brought against the selectmen of Brookline to quash pro-
ceedings resulting in the removal on June 15, 1949, of the
petitioner as a member of the Brookline Housing Authority,
to which office he had been elected by the voters of the town
on March 8, 1949, for the term of two years. The judge
dismissed the petition and reported to this court the ques-
tion whether G. L. (Ter. Ed.) c. 121, § 26M, inserted by
St. 1935, c. 449, § 5, and as appearing in St. 1946, c. 574, § 1,
purporting to grant power to the selectmen to remove a
member of a housing authority, was contrary to art. 30 of
the Declaration of Rights.

Article 30 of the Declaration of Rights is the constitutional
provision for the separation of powers between the three
great branches of government and forbidding the exercise by
one branch of powers conferred exclusively upon another
branch. The attempted exercise by one branch of power
granted solely to another has been uniformly struck down.
*Case of Supervisors of Election*, 114 Mass. 247. *Boston* v.
*Chelsea*, 212 Mass. 127. *Dinan* v. *Swig*, 223 Mass. 516.
*Opinion of the Justices*, 315 Mass. 761, 767–768.

The statute, G. L. (Ter. Ed.) c. 121, § 26M, as appearing
in St. 1946, c. 574, § 1, in so far as material, provides: "The
mayor, with the approval of the city council, or the board
of selectmen may make, or the mayor or the board of select-
men may receive, written charges against, and may after
hearing remove, because of inefficiency, neglect of duty and
misconduct in office, or any of such causes, a member of a
housing authority appointed by the mayor and confirmed
by the city council, elected by the town or appointed by
the selectmen, as the case may be; provided, that such

member shall have been given, not less than fourteen days before the date set for such hearing, a copy in writing of the charges against him and written notice of the date and place of the hearing to be held thereon, and at the hearing shall have been given the opportunity to be represented by counsel and to be heard in his own defense." The contention is made that this statute purports to confer judicial power upon the board of selectmen. It has been assumed rather than decided in the numerous cases arising out of the removal of an officer after a hearing by an administrative board that the board was empowered to hear and determine the question, leaving to the courts to decide on review whether the conclusion of the board was substantiated by evidence or whether the removal was made without proper cause or in bad faith. *Driscoll* v. *Mayor of Somerville*, 213 Mass. 493. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542. *Mayor of Everett* v. *Superior Court*, 324 Mass. 144. It is significant that the competency of the Legislature to empower an administrative board to effect a removal has not been challenged on the particular ground now presented, so far as we are aware, in any of the numerous cases in which decisions of boards have been attacked on various grounds. Of course, that does not foreclose an examination of the question.

A housing authority when organized and set up is a public corporation, *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416; *Opinion of the Justices*, 322 Mass. 745, created and maintained for the purpose of eliminating slums and unsafe and unsanitary dwellings, and of furnishing low rent housing to relieve an acute shortage of housing accommodations experienced by the public in general and the veterans of the last war in particular. *Allydonn Realty Corp.* v. *Holyoke Housing Authority*, 304 Mass. 288. *Stockus* v. *Boston Housing Authority*, 304 Mass. 507. *Opinion of the Justices*, 320 Mass. 773. A member of a housing authority charged with the performance of duties in furtherance of such objectives is undoubtedly a public officer. *Daddario* v. *Pittsfield*, 301 Mass. 552, 557–558. *Adie* v. *Mayor of Holyoke*,

303 Mass. 295, 300. *Commonwealth* v. *Dowe,* 315 Mass. 217,
222. The office, however, was created not by the Constitu-
tion but by a statute enacted by the Legislature in accord-
ance with the broad power entrusted to the General Court
to name and settle officers, Constitution, Part II, c. 1, § 1,
art. 4, and the Legislature can determine qualifications for
members of a housing authority, provide for their appoint-
ment or election, define their duties, fix their tenure, and
designate the causes for and method to be followed in their
removal. It can change their duties, shorten or extend
their terms of office, or even abolish the authority itself, if
deemed to be in the public interest. *Taft* v. *Adams,* 3 Gray,
126. *Graham* v. *Roberts,* 200 Mass. 152. *McNeil* v. *Mayor
& City Council of Peabody,* 297 Mass. 499. *Williams* v. *New
Bedford,* 303 Mass. 213. *Nichols* v. *Commissioner of Public
Welfare,* 311 Mass. 125.

The nature of the act itself is perhaps the best test for the
classification of its performance as an executive, legislative
or judicial function, but the character of some acts is such
that their performance may be entrusted to the legislative
or the judicial branch of the government. While the con-
stitutional mandate for the separation of powers must be
observed, "the exact line between judicial and executive or
legislative powers has never been delineated with absolute
precision." *LaChapelle* v. *United Shoe Machinery Corp.* 318
Mass. 166, 170, and cases cited.

The exercise of the power of removal of a public officer
is an act executive in its nature. *Murphy* v. *Webster,* 131
Mass. 482, 488. *Attorney General* v. *Varnum,* 167 Mass.
477, 480. The argument is pressed that a removal effected
after a hearing upon charges is an exercise of the judicial
function. But it was said in *Stiles* v. *Municipal Council of
Lowell,* 233 Mass. 174, 181, after remarking that the defend-
ants in passing upon the question of removal were executive
or administrative officers and that if they were following the
civil service laws calling for the formulation of charges, no-
tice, and a hearing they would perform functions to some
extent judicial, that "Speaking with accuracy, the removal

by a municipal council under these circumstances is still an executive or administrative act which must be performed in this particular in a judicial manner." It is plain that the power to remove an officer, whose duties are not connected with the courts, is of an executive or administrative nature rather than of a judicial nature. It was so stated in *Opinion of the Justices*, 300 Mass. 596, 600, with reference to a proposed law providing for the removal by this court of a mayor for sufficient cause. Such a law if enacted would be violative of art. 30, and that duty could not be conferred upon this court because "The determination of what is 'sufficient cause' in such a matter is executive or administrative and not judicial in its nature." It would seem to follow that the removal of the petitioner by the selectmen after a hearing was the performance of an executive or administrative act rather than one of a judicial nature and therefore was not contrary to art. 30. Various boards, for instance, are essentially administrative tribunals and in no sense are courts although they exercise quasi judicial functions in hearing witnesses and in determining questions of fact. *Levangie's Case*, 228 Mass. 213. *Johnson's Case*, 242 Mass. 489. *Opinion of the Justices*, 251 Mass. 569, 615. *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224, 228. *Broderick's Case*, 320 Mass. 149, 150. The conclusion reached in *Opinion of the Justices*, 300 Mass. 596, is in accord with the decisions in other jurisdictions which have a provision in their constitutions similar to art. 30, that there is no encroachment by the Legislature upon the judicial branch in authorizing an executive or administrative board to perform an act which is essentially of an executive or administrative nature in a judicial manner where the power to act in such manner is incidental to or reasonably necessary for the proper performance of the executive or administrative duty entrusted to it. *People* v. *Wilson Oil Co.* 364 Ill. 406. *Reeves* v. *Simons*, 289 Ky. 793. *In re Fredericks*, 285 Mich. 262. *State* v. *State Board of Education*, 213 Minn. 184. *State* v. *Wells*, 210 Mo. 601. *Cox* v. *Kinston*, 217 N. C. 391. *Opinion of the Justices*, 87 N. H. 492. *Finnegan* v.

*Miller*, 132 N. J. L. 192. *State* v. *Hawkins*, 44 Ohio St. 98. *Beckwith* v. *Bushfield*, 67 S. D. 91. *Trybulski* v. *Bellows Falls Hydro-Electric Corp.* 112 Vt. 1. *Holland* v. *Cedar Grove*, 230 Wis. 177.

We see no objection to conferring the power of removal upon the board of selectmen. A housing authority is, to be sure, not a department of the town. *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416, 419. But the principal activities of the authority are localized in the town and are of immediate and direct interest to the welfare of the town. The fact that such an authority cannot be set up in a town except with the consent of the voters is an implied recognition by the Legislature of the close relation between an authority and the town. *Stone* v. *Charlestown*, 114 Mass. 214. *Graham* v. *Roberts*, 200 Mass. 152. Four of the original members of the instant authority were appointed by the selectmen and thereafter four members were elected by the voters at the annual town meeting. The housing authority law, G. L. (Ter. Ed.) c. 121, §§ 26I–26QQ, in its present form authorizes a town to make appropriations in aid of the authority, and to do certain other things to assist and to coöperate with the authority in the planning, construction or operation of a project of such an authority, and the authority is required to make annual reports to the selectmen. The selectmen in a broad sense represent the interests of the town with reference to the authority. The election to the office of selectman has always been considered by the inhabitants of a town as a great privilege and honor. Historically, it has been "regarded by the public generally as the embodiment of the official authority of the town." *Commonwealth* v. *Avery*, 301 Mass. 605, 608. We see nothing that bars the Legislature from authorizing the selectmen to remove in accordance with said § 26M any one of the four members of this five man authority who were elected by the voters of the town. The power of the Legislature to delegate the power of removal to officials more remotely connected with the office, the incumbent of which is to be removed, than are the selectmen with the members

of a housing authority has been frequently asserted. Some of the statutes illustrating such instances are collected in *Attorney General* v. *Stratton,* 194 Mass. 51, 54–55.

*Judgment dismissing petition affirmed.*