STATE OF RHODE ISLAND *ex rel.* EDWARD J. COSTELLO *et al. vs.* EDWARD F. POWERS.

JUNE 12, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J.   This is a petition in equity in the nature of quo warranto under general laws 1938, chapter 585.   It was brought by the state through the attorney general at the relation of Edward J. Costello and the Housing Authority of the City of Pawtucket, Rhode Island, to determine whether the relator Edward J. Costello or the respondent Edward F. Powers is entitled to the office of commissioner of said housing authority.

The petition contains among other things allegations under oath that the above-mentioned housing authority, which was established in July 1939 under the provisions of G. L. 1938, chap. 344, as amended, is a body corporate and politic with varied powers, its sole purpose, however, being to provide safe and sanitary dwelling accommodations for persons of low income; that such housing authority consists of five commissioners appointed by the mayor of the city of Pawtucket, each one holding office for a term of five years after his original appointment had expired; that on June 21, 1939 the relator was duly named to serve as commissioner for one year commencing July 14, 1939, at which time he was a resident and duly qualified elector of Pawtucket; and that he has served continuously as commissioner since that date, having been last reappointed July 14, 1950 and having acted as chairman of said housing authority since January 10, 1951.

The petition further sets out that on July 14, 1950 the relator was a resident and duly qualified elector of the town of East Providence in this state but not of the city of Pawtucket; that on December 8, 1952 the mayor of such city caused to be filed in the office of the city clerk a notice declaring in substance that, in view of the fact that the relator had stated under oath in a prior petition for a writ of prohibition that he was not an elector of the city of Pawtucket at that time nor when he was last appointed commissioner on July 14, 1950, a vacancy existed in the membership of the housing authority allegedly held by the relator; that on December 8, 1952 the mayor also purported to appoint respondent as a member of such housing authority to succeed the relator as a commissioner thereof, to hold office until July 14, 1955 and until his successor should be appointed and qualified; that a notice of such purported appointment was filed by the mayor in the office of the city clerk; that respondent allegedly qualified as commissioner of the housing authority by taking an oath of office; and that commencing December 8, 1952 he assumed and pretended to exercise and perform the duties and powers incident to that office.

The parties are not engaged in any dispute as to the facts or the procedure herein but contend that certain questions of law are determinative of the issues raised. It is admitted that G. L. 1938, chap. 344, as amended, is the enabling act under the terms of which the Pawtucket housing authority was created and its commissioners appointed, and that no provision thereof expressly requires that they be residents or qualified electors of such city. In this cause the point in issue is whether article IX, section 1, of the constitution of this state applies to the office here in question. That section reads as follows: "No person shall be eligible to any civil office (except the office of school committee), unless he be a qualified elector for such office."

The respondent argues broadly that such section applies

to the situation which confronts us in the present proceeding; that the office of commissioner of the housing authority is a civil office within the meaning of that term as used in the section in question; that the section applies to such official whether elected or appointed; that since the relator now is admittedly a resident and elector of the town of East Providence and not of the city of Pawtucket he is not eligible to the aforesaid office of commissioner of such housing authority; and that a vacancy exists therein which the mayor has the right to fill.

The relator strongly disputes the validity of respondent's argument and contends that for several reasons, which need not now be discussed in detail, the quoted section of the state constitution does not apply to the issue raised herein and has no bearing on the proper determination of which claimant is entitled to the office in dispute. It is clear that the contentions made by the respective parties regarding the scope and meaning of the quoted section, if fully developed, might conceivably have far-reaching implications. Plainly several difficult questions were raised which required study. After deliberation, however, we have come to the conclusion that the instant cause can properly be decided on a comparatively narrow issue. Obviously the first question for consideration, in view of the facts and circumstances disclosed herein, is whether the office of commissioner of the housing authority is a *civil* office within the meaning of that term as used in article IX, section 1, of the constitution of this state. In our opinion it is not such an office. It follows therefore that said section has no application in this cause and is of no aid to the respondent.

This court in previous opinions has determined that aldermen, councilmen, auctioneers, duly elected or appointed under our general laws, and members of a school committee are *civil* officers as that term is used in certain portions of the constitution of this state. See *In re Newport Charter,* 14 R. I. 655; *Opinion to the Governor,* 28 R. I. 629; *Harrington for an Opinion,* 44 R. I. 288. In each of these opinions

it appeared that the officer in question was invested individually with some portion of the usual functions of a state or municipal government to be exercised for the public benefit by him alone. However, in *State ex rel. Cummings* v. *Crawford,* 17 R. I. 292, this court decided that "a member of the board of fire wards" in a fire district was not a *civil* officer within the meaning of that term in article IX, section 1, of the constitution of this state. The court pointed out that such district had been found to be a public or quasi-municipal corporation and at page 292 of the opinion stated: "But it does not follow that all its officers and agents hold a civil office. It is a special and limited corporation for special and limited purposes." The court also set out a brief and general definition of the term "civil officer."

Further in *Wood* v. *Quimby,* 20 R. I. 482, following the reasoning in *State ex rel. Cummings* v. *Crawford, supra,* the court held among other things that the assessors and collector of taxes of a fire district, which is a public or quasi-municipal corporation, are not such *civil* officers as are contemplated in the constitutional provision which defines the qualifications of voters for the election of such officers. At page 488 of the opinion the court used the following language: "The term 'civil officers' primarily, if not solely, has reference to municipal and State officers, and we think it may well be doubted whether any of the officers provided for in said charter are 'civil officers' within the legal signification of the term."

In our judgment on the authority of the decided cases a member of the housing authority here in question is in no better position to claim that he is a *civil* officer in the constitutional sense than was a member of the board of fire wards, or an assessor and collector of taxes of a fire district. Both of the latter were officers of a public or quasi-municipal corporation which exercised police powers in the general public interest but they did not individually discharge any substantial part of the sovereign power of the state or municipality so as to come within the meaning of *civil*

officer in article IX, section 1, of the constitution of this state.

In other jurisdictions, where the status of officers or members of a so-called public or quasi-municipal corporation has been involved under a substantially similar provision in a state constitution, thus raising a question of the same nature as the one before us, the appellate courts have taken much the same position as this court took in the two cases last cited.

In *Board of County School Comm'rs* v. *Goldsborough,* 90 Md. 193, the question before the court related to the right of the governor of the state to remove, under the provisions of the state constitution, a school commissioner of a county as a *civil* officer. The law expressly declared that the school committee for each county should constitute a body corporate. The court held that the school commissioners were merely members of a public corporation discharging duties imposed upon the board in the name of the corporation and did not act as individual *civil* officers. The following language appears at page 207 of the opinion: "Civil officers, therefore, are governmental agents—they are natural persons—in whom a part of the State's sovereignty is vested or reposed, to be exercised by the individuals so entrusted with it for the public good. The power to act for the State is confided to the person appointed to act. It belongs to him upon assuming the office. He is clothed with the authority which he exerts, and the official acts done by him are done as his acts and not as the acts of a body corporate."

Although involving different facts the same reasoning is followed and the same general principles of law are enunciated in the following cases which hold that certain persons did not come within the meaning of "officers" or "civil officers" as used in similar organic law there being construed. See *United States ex rel. Noyes* v. *Hatch,* 1 Pinney 182 (Wis.); *Opinion of the Justices,* 3 Greenleaf 481 (Me.); *People ex rel. Carlton* v. *Middleton,* 28 Cal. 603.

It appears that the housing authority of the city of Paw-

tucket when set up in accordance with the provisions of G. L. 1938, chap. 344, §4, "shall constitute a public body and a body corporate and politic" and be issued a certificate of incorporation. Such body corporate is made up of five commissioners, three of whom constitute a quorum. No commissioner individually has any power to bind the housing authority. Its acts are those of the body corporate. The powers of such housing authority in providing in the public interest safe and sanitary dwelling accommodations for persons of low income include among other things authority to borrow money from the federal government and to enter into contracts with it in aid of the purposes of the housing authority. It also exercises some of its powers as a representative of the city government and other powers as an agent of the federal government.

The dispute in this cause involves the right of a single commissioner to hold office. In view of the undisputed facts, and adopting the general principles and reasoning set out in the above-cited cases, it is our judgment that the office of commissioner of said housing authority is not a *civil* office within the proper meaning of that term as used in article IX, section 1, of the constitution of this state. That section therefore has no application in the present cause.

For the reasons herein stated and on the authority of the cases cited, we decide that the relator Edward J. Costello is legally entitled to the office of commissioner of the Housing Authority of the City of Pawtucket, Rhode Island; that the respondent Edward F. Powers has no valid title to such office and is not entitled thereto; and that said respondent is excluded from exercising any of the rights or privileges of the office of commissioner of said housing authority.

The petition is therefore granted, and on June 19, 1953 a decree in accordance with this opinion may be presented for entry by the court.

*Hogan & Hogan, Laurence J. Hogan, Edward T. Hogan, Jr., Thomas S. Hogan, Paul B. McMahon,* for petitioners.

*John A. O'Neill,* for respondent.