GUILLAUME L. PARENT *vs.* THE WOONSOCKET HOUSING AUTHORITY.

JUNE 17, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

ROBERTS, J. This action in assumpsit was brought to recover damages for an alleged breach of a contract of employment. The case was heard in the superior court by a justice thereof, sitting without a jury, who rendered a decision for the plaintiff in the amount of $6,701.30. The case is before this court on the defendant's exception thereto.

The material facts in the case are not in dispute. The plaintiff is an attorney at law who has been admitted to practice before all the courts of this state. The defendant is the housing authority of the city of Woonsocket, which was established on March 8, 1940 under the provisions of an enabling act, then general laws 1938, chapter 344, as amended, and now G. L. 1956, chap. 45-25. The housing authority, hereafter sometimes called the authority, is comprised of five members each of whom is appointed by the mayor for a term of five years. The terms of office are staggered so that an appointment of a new member takes place annually.

At a meeting of the authority held on February 11, 1953 the members thereof by a unanimous vote adopted a resolution to employ plaintiff as its legal adviser. At the same meeting they unanimously voted that the chairman be "authorized as Chairman of said Authority to sign Contracts for a period of 5 years" between the authority and plaintiff. The plaintiff subsequently prepared a written contract which was executed by him and the chairman of the

authority. In the contract plaintiff agreed to perform "all and necessary legal services * * * for a period of five years from the date of this agreement." The defendant agreed to pay plaintiff for such services according to the fees allowable for legal expenses as set out in its budget and as approved by the public housing authority. The plaintiff thereafter and until May 18, 1954 performed such legal services as were required of him by the authority. At that time the housing authority, the membership of which had partially changed, terminated plaintiff's employment. It is conceded that plaintiff had received as compensation for services rendered to that date the amount of $2,041.67.

The defendant contends among other things that the trial justice erred in deciding that the instant contract with plaintiff was valid and enforceable. It argues that such contract is one which defendant made in the exercise of a governmental function and that when exercising such function it is without power to bind the successor board by contract. The gist of this argument is that we should apply to defendant's contract the well-settled rule that legislative bodies and municipal agencies having legislative powers may not by contract impair or prevent a succeeding body or agency from exercising a legislative or governmental function.

The rule to which plaintiff makes reference is stated succinctly in the case of *Commonwealth ex rel. Fortney* v. *Bartol*, 342 Pa. 172, where the court said, at page 175: "In the performance of sovereign or governmental, as distinguished from business or proprietary, functions, no legislative body, or municipal board having legislative authority, can take action which will bind its successors * * *." The question is whether this rule should be applied to appropriate contracts of defendant here. A housing authority is not a municipal department. *Collins* v. *Selectmen of Brookline*, 325 Mass. 562, 567. And in *Johnson-Foster Co.* v. *D'Amore Construction Co.*, 314 Mass. 416, the court stated at page

419: "But the housing authority was not itself a county, city or town, and it was not the agent or a department of the city of New Bedford."

However, the services which these authorities render are impressed with a public character to such an extent that we think it is a matter of public policy that they be bound in some particulars by the rules which govern the activities of municipal corporations and departments thereof. The public character of such authorities was recognized in *Opinion of the Justices,* 322 Mass. 745, 751, where the court stated: "But the housing authorities are not corporations 'privately owned and managed.' On the contrary, they are publicly owned and managed." In *State ex rel. Costello* v. *Powers,* 80 R. I. 390, this court in referring to the character of the Pawtucket housing authority said, at page 396: "It also exercises some of its powers as a representative of the city government and other powers as an agent of the federal government."

The supreme court of Pennsylvania has expressly decided that the contracts of housing authorities should be held within the purview of the stated rule, and we think the reasoning of the court is sound. In the case of *Mitchell* v. *Chester Housing Authority,* 389 Pa. 314, the court said, at page 321: "While it may be conceded that the Housing Authority is not a 'legislative body, or municipal board having legislative authority', the applicable principle would certainly apply to agencies acting in lieu of such a body, exercising some of the powers ordinarily exercised by it, and acting by virtue of its express mandate."

We think it is clear that these housing authorities have a dual nature which partakes of a public as well as a private character. They function in an area which is public and governmental in character as well as in an area which is proprietary or private. We can see no sound reason for not applying to the contracts of these corporations, when they are made in the exercise of governmental functions,

the same limitations that we apply to like contracts of municipal corporations or departments thereof.

There remains the question of whether the instant contract for the hire of legal counsel by the authority relates to the governmental functions thereof. We are of the opinion that it does. In the case of *McCormick* v. *Hanover Township,* 246 Pa. 169, the court held that when a board of supervisors of a township engaged legal counsel they were exercising a governmental function. In the case of *Miles* v. *City of Baker,* 152 Ore. 87, it was held that the engaging of an accountant to audit the books of a municipality was an act related to the governmental functions of the board of commissioners.

An examination of the enabling act in the case at bar reveals that the defendant authority is charged with the performance of many duties which are clearly governmental in character. For example, it has the power to make investigations and is vested with the power of eminent domain. Clearly in the performance of duties related to these powers the housing authority would necessarily be required to act through its legal counsel. It is clear then that a contract for the appointment of such counsel relates to the governmental function of the housing authority.

It is our opinion that in the interest of public policy such authority in exercising its governmental functions should be held to be without power to bind a successor board by its entering into a contract like the one in question here. For that reason we are of the opinion that the trial justice erred in finding that the instant contract was valid and enforceable. Because of the view which we take on this point, it is unnecessary for us to consider other contentions raised by the defendant housing authority.

The defendant's exception to the decision is sustained, and on July 7, 1958 the plaintiff may appear before this court to show cause, if any he has, why the case should not

450

be remitted to the superior court with direction to enter judgment for the defendant.

*Laurent C. Bilodeau,* for plaintiff.

*Omer A. Sutherland,* for defendant.