289 A.2d 658.

THE HOUSING AUTHORITY OF THE CITY OF WOONSOCKET *vs.* RITA FETZIK.

APRIL 13, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This case involves certain constitutional questions which were certified to this court for determination under the provisions of G.L. 1956 (1969 Reenactment) §9-24-27.[1] These questions raise the issue of whether certain portions of G.L. 1956 (1970 Reenactment) §§45-25-18.1 through 45-25-18.8[2] violate the plaintiff's fourteenth amendment rights to due process and equal protection of the laws.

The material facts in this case are not in dispute. The

---

[1]Section 9-24-27 reads as follows:

"Certifications of questions of importance to the supreme court.— Whenever in any proceedings, civil or criminal, legal or equitable, in the superior court or in any district court, any question of law shall arise, or the constitutionality of an act of the general assembly shall be brought in question upon the record, which in the opinion of the court, or in the opinion of the attorney-general, if the state be a party to such proceeding or if he has intervened therein, is of such doubt and importance, and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, the court in which the cause is pending shall certify such question or motion to the supreme court for that purpose and stay all further proceedings until the question is heard and determined; provided, that no question shall be so certified in any criminal case where the defendant has not been released on bail."

[2]These sections were enacted by P. L. 1968, ch. 54, sec. 1 and are in amendment of G. L. 1956, ch. 45-25 of the General Laws, entitled "City Housing Authorities." We shall discuss these sections below.

plaintiff is The Housing Authority of the City of Woonsocket, which was established on March 8, 1940, under the provisions of an enabling act, then G.L. 1938, ch. 344, as amended, and now G.L. 1956, ch. 45-25, as amended. *See Parent* v. *Woonsocket Housing Authority,* 87 R. I. 444, 143 A.2d 146 (1958). On May 15, 1970, a lease was executed between plaintiff and defendant for certain premises at 29 Memorial Drive in the city of Woonsocket. The defendant occupied the premises with her two minor daughters and her sixteen-year-old son, who was undergoing therapy at the Medical Center in Cranston, Rhode Island, at the time of these proceedings. Article VIII F. of the lease provides that

> "If any Tenant, in the opinion of the Management, uses the premises for immoral or illegal purposes, or maintains or permits a nuisance condition on the premises, this lease may be terminated forthwith and without notice."

On January 12, 1971, defendant received a notice to vacate for breaking the provisions of her lease by allowing a nuisance condition to exist on the premises. She was also notified of her right to appeal to the Board of Tenants' Affairs under §45-25-18.7. She availed herself of her right to appeal to that board.

A hearing on her appeal was held before the board. The defendant admitted to the use of drugs by her son and further admitted that a general nuisance condition was permitted on the premises.

After the hearing the board rendered a decision which contained a finding that defendant did not break her lease. It held that the alleged action of the son, as a minor, was not chargeable to the mother. After observing that the son had been removed from the premises, the board granted the appeal of defendant.

Thereafter, plaintiff filed a complaint for possession in

the District Court of the Seventh Division. The complaint was based upon the same grounds as those relied upon before the board.

The defendant thereupon filed a motion to dismiss the complaint on the ground that the housing authority was barred from proceeding any further with this matter by virtue of §45-25-18.6(2) which provides that "[f]inal determinations reached on matters heard by way of review shall be binding on the housing authority."

The plaintiff then filed an objection to defendant's motion to dismiss. It predicated this motion on the ground that the statute setting up the Board of Tenants' Affairs, §§45-25-18.1 through 45-25-18.8, and more specifically, §45-25-18.6, is unconstitutional as a violation of the due process and equal protection clauses of the fourteenth amendment to the United States Constitution. In the circumstances, plaintiff alleged, it should not be prevented from commencing the trespass and ejectment action against defendant. The constitutionality of the statute being challenged upon the record by the allegations of plaintiff's objection to the motion to dismiss, the District Court certified three questions to this court and stayed all further proceedings until the questions are heard and determined here. The constitutional questions certified to us are the following:

"1. Is the Housing Authority of the City of Woonsocket a person within the meaning of the Fourteenth Amendment to the United States Constitution and therefore entitled to bring suit challenging the constitutionality of a state statute under the due process and equal protection clauses of said amendment?

"2. Is a statute which grants judicial powers to an administrative agency or board and which provides no guidelines for the exercise of such judicial power and which further fails to provide for any remedy whatever against unwarranted action in the exercise

of such judicial powers unconstitutional as a denial of due process?

"3. Does a statute which provides one litigant with the right to appeal from an adverse decision while at the same time binding the other litigant and giving it no recourse or avenue of appeal constitute an intentional and arbitrary discrimination and as such violate the equal protection clause of the Fourteenth Amendment to the United States Constitution?"

The threshold question is that of the housing authority's standing to challenge the constitutionality of a state statute under the due process and equal protection clauses of the fourteenth amendment. However, before discussing that issue, it may be helpful to summarize briefly the provisions of the statute involved here.

Section 45-25-18.1 authorizes each housing authority to adopt and promulgate reasonable rules, not inconsistent with law, relating to (A) eligibility requirements for admission to housing, (B) obligations of tenants, (C) just cause for the termination of the right of use and occupation, so that a tenant may be clearly apprised of the precise reasons for a termination, and (D), as amended, conditions for continued occupancy. This section also authorizes a housing authority to adopt other rules which are necessary to the just and effective administration of local housing projects.

Section 45-25-18.2 creates a Board of Tenants' Affairs for each city or town having a housing authority and operating one or more housing projects under this statute.

Sections 45-25-18.3 through 45-25-18.5 provide for the membership of the board, the appointment of the members, meetings, rules, quorum and compensation.

Section 45-25-18.6 invests the board with certain powers therein set forth. Section 45-25-18.6(1)(C) authorizes the board to hear and determine, as a board of review, complaints arising under §§45-25-18.7 and 45-25-18.6(2), mandates that final determinations reached on matters heard

by way of review shall be binding on the housing authority.

Section 45-25-18.7 is the section which provides for hearings before the board. It provides for the method of notice to the tenant of determinations made by the project management or by the housing authority and it prescribes the procedure for claiming an appeal to the board. It also states that the tenant or applicant shall have the right to be represented by counsel. Insofar as pertinent here §45-25-18.7 provides that the tenant affected shall have a right to a hearing and review by the board where a determination is made by the project management or housing authority that the tenant's right of use and occupation shall be terminated.

Section 45-25-18.8 deals with actions to regain possession in the event a decision to terminate a right of use and occupation is upheld by the board. It provides that if an action to regain possession of the premises is brought by the authority, the tenant shall have the right to trial de novo on the issue of whether there was just cause to terminate such right.

Finally, §45-25-18.9 provides for severability.

## I

The initial question, as we have said, is whether the housing authority has standing as a person, within the meaning of the fourteenth amendment, to challenge the constitutionality of an act of the Legislature under the due process and equal protection clauses of the fourteenth amendment. The defendant concedes that a corporation as such is a person within the meaning of the equal protection and due process clauses of the fourteenth amendment. *Grosjean* v. *American Press Co.*, 297 U.S. 233, 56 S. Ct. 444, 80 L.Ed. 660 (1936). However, she argues that a housing authority is like a municipal corporation[3] in that

---

[3]For cases discussing the nature of municipal corporation, *see Williams* v. *Eggleston*, 170 U. S. 304, 18 S.Ct. 617, 42 L.Ed. 1047 (1898), and *Hunter* v. *Pittsburgh*, 207 U. S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907).

it is a creature of state legislative fiat and, therefore, should not be allowed to invoke the equal protection and due process clauses of the fourteenth amendment in an action in which it seeks to challenge as unconstitutional an act of its creator because that act limits in some way its power. The defendant cites *Parent* v. *Woonsocket Housing Authority*, 87 R.I. 444, 143 A.2d 146 (1958), to support her argument. She further contends that the same reasoning would apply even if the housing authority be considered as a state agency. We do not agree. For the reasons which follow, we hold that a housing authority is a person within the meaning of the fourteenth amendment and, as such, has standing to challenge the constitutionality of an act of the Legislature under the due process and equal protection clauses of that amendment.

A municipal corporation is a political subdivision of the state, created by the state Legislature for the exercise of such governmental powers of the state as may be entrusted to it as a unit of local self-government. *Trenton* v. *New Jersey*, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937 (1923). It is defined in 56 Am. Jur. 2d *Municipal Corporations* §4 at 73 (1971) as:

> "* * * a body politic created by organizing the inhabitants of a prescribed area, under the authority of the legislature, into a corporation with all the usual attributes of a corporate entity, but endowed with a public character by virtue of having been invested by the legislature with subordinate legislative powers to administer local and internal affairs of the community, and by virtue of its creation as a branch or agency of the state government to assist in the administration of the government of the state."

Although a housing authority and a municipal corporation have some attributes in common, a mere reading of the "Housing authorities law," G.L. 1956, ch. 25 of title 45, and a comparison of that statute with the various defi-

nitions of a municipal corporation, demonstrate the basic differences between them. The housing authority is not a political subdivision of the state. Once created it becomes an autonomous body, subject only to the limits of power imposed by law. As the plaintiff points out in its brief, actually a housing authority is one of a large class of corporations created by the government to undertake public enterprises in which the public interests are involved to such an extent as to justify conferring upon such corporations important governmental privileges and powers, such as eminent domain, but which are not created for political purposes and which are not instruments of the government created for its own uses or subject to its direct control.

A housing authority exercises some of its powers as a representative of the city government and other powers as an agent of the federal government, *State ex rel. Costello* v. *Powers,* 80 R.I. 390, 97 A.2d 584 (1953), and, as we pointed out in *Parent* v. *Woonsocket Housing Authority, supra,* a housing authority has a dual nature which partakes of a public as well as a private character. For the purpose of determining the answer to the question whether it has standing to challenge the constitutionality of legislative acts pertaining to its powers as a housing authority, we see no valid reason for holding that it is not a person within the meaning of the fourteenth amendment. We believe that for such a purpose a housing authority is more akin to the ordinary private corporation than to a municipal corporation. We hold, therefore, that a housing authority, such as the plaintiff, is a person within the meaning of the fourteenth amendment and therefore has standing to challenge the constitutionality of a state statute under the due process and equal protection clauses of that amendment. We answer the first question in the affirmative.

## II

The second question certified to us is the following:

"2. Is a statute which grants judicial powers to an administrative agency or board and which provides no guidelines for the exercise of such judicial power and which further fails to provide for any remedy whatever against unwarranted action in the exercise of such judicial powers unconstitutional as a denial of due process?"

We believe that this question must also be answered in the affirmative.

We do not question the power of the Legislature to set up the Board of Tenants' Affairs; it undoubtedly has such power as well as the power to give finality to the board's decisions, subject to the right of judicial review by this court by way of certiorari. However, such grant of power, which in our judgment is legislative and not judicial, must be circumscribed by proper guidelines and standards; it cannot be boundless. *Compare Yakus* v. *United States,* 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944) and *A.L.A. Schechter Poultry Corp.* v. *United States,* 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935). Section 45-25-18.6(1) (C) empowers the Board of Tenants' Affairs to "Hear and determine, as a board of review, complaints arising under §45-25-18.7." But the statute provides no guidelines or standards to regulate the exercise of such power; nor does it set up any mechanism against unwarranted action by the board in the exercise of those powers. This is "delegation running riot" and is clearly violative of the due process clause of the fourteenth amendment. As Mr. Justice Cardozo said many years ago in his concurring opinion in the *Schechter* case, *supra,* in reference to the invalid delegation of legislative power in that case:

"The delegated power of legislation which has found expression in this code is not canalized within banks that keep it from overflowing. It is unconfined and vagrant * * *. Here, in the case before us, is an attempted delegation not confined to any single act nor to any class or group of acts identified or described

by reference to a standard. Here in effect is a roving commission to inquire into evils and upon discovery correct them.

\* \* \*

"This is delegation running riot. No such plenitude of power is susceptible of transfer." *Id.* at 551, 553, 55 S.Ct. at 852, 853, 79 L.Ed. at 1591, 1592.

What Mr. Justice Cardozo said above is equally applicable in the case of delegated judicial power. The evil of such unbridled delegation is clearly evidenced by what obviously occurred in the case at bar, as witnessed by the following language in the Order of Certification:

"On February 3, 1971, defendant availed herself of her right to appeal to the Board of Tenants Affairs under Rhode Island General Laws, 1956, as amended, 45-25-18.1, and at such hearing defendant and her attorney admitted that the lease had indeed been violated. Subsequently, on February 9, 1971, Board of Tenants Affairs while acknowledging that a breach of the lease had occurred handed down a decision in favor of Defendant Fetzik, allowing her to remain on the premises in spite of said violations."

For the reasons stated, we hold that §45-25-18.6(1)(C) is unconstitutional.

Since our answer to this question is dispositive, we do not reach and consequently do not answer the other issues raised by the certified questions.

The papers in the case, with our decision certified thereon, are ordered returned to the District Court of the Seventh Division for further proceedings.

Motion to reargue denied.

*Lavine and Sutherland,* for plaintiff.

Rhode Island Legal Services, Inc., *V. Paul McGinn,* for defendant.