63 So.2d 644 (1953)
DALY
v.
STOKELL et al.
Supreme Court of Florida, en Banc.
March 13, 1953.
McCune, Hiaasen & Kelley, Ft. Lauderdale, for appellant.
Boyd H. Anderson, Ft. Lauderdale, for appellees.
TERRELL, Justice.
The question in this case involves the power of the City Commission of Ft. Lauderdale to make a contract with appellant to keep the streets cleared of wrecks, derelicts and other impediments to freely moving traffic. Appellant is in the wrecking and towing business. The contract in question provides day and night service for five years at five dollars for each impediment removed unless the owner requests that it be removed by some other towing company.
It is a matter of common knowledge that Fort Lauderdale has a serious traffic problem. Constricted land area for East, West municipal development and highway expansion sufficient to provide ample traffic flow to a heavily populated area to the South and return are responsible for this. The City entered into the contract in reliance on Chapter 24514, Special Acts of 1947, authorizing it to promulgate regulations governing the traffic or parking of automobiles on the streets. It appears to have been a perfectly reasonable contract within the contemplation of the statute; it is shown to have greatly facilitated the traffic situation, to *645 have saved money for the taxpayers and in other respects, to have contributed to the convenience and general welfare of the city.
We find no merit to the contention that the contract is invalid and unenforceable because it runs beyond the length of term of the City Commissioners. It is shown that their terms are staggered and expire at different times. When this is the case, the City Commission is a continuing body and may contract for any reasonable time since there is no point at which the terms of all commissioners come to an end. There is no suggestion that five years is an unreasonable time for the contract to run.
Neither do we find any reason to become involved in the question of whether the contract emanated from a proprietory or governmental function. The City Commission construed it to be proprietory, essential to the orderly, business advantage of the city. It provided a 24-hour wrecker service by a bonded obligor, with first-class equipment, it is shown to have alleviated traffic congestion and in addition to this, it assures emergency repairs of city operated vehicles that are subject to call any time of the day or night. It is shown to have been in effect for three years, during which time it has been of decided advantage to the city in many ways, besides having saved its taxpayers many thousands of dollars.
We understand the test of a proprietory power to be determined by whether or not the agents of the city act and contract for the benefit and welfare of its people; any contract, in other words, that redounds to the public or individual advantage and welfare of the city or its people is proprietory, while a governmental function, as the term implies, has to do with the administration of some phase of government, that is to say, dispensing or exercising some element of sovereignty. Illinois Trust & Savings Bank v. City of Arkansas City, 8 Cir., 76 F. 271, 34 L.R.A. 518; Tuttle Bros. & Bruce v. City of Cedar Rapids, Iowa, 8 Cir., 176 F. 86. There is no precise dividing line between the two functions; they may sometime be difficult of distinction and may tend to overlap. In this case the city deemed its function proprietory and we refuse to hold them in error. We are concerned solely with a plain everyday bread and butter transaction for the advantage and welfare of the city. When they invade no constitutional prerogative such contracts should be upheld. The Commission so determined; their determination is entitled to great weight; they were dealing with a crucial business matter and the very purpose that actuated Commission-Manager form of City Government, was more efficient business administration.
It is proper that legislative patterns be adhered to but given even a modicum of discretion a city Commission should not be straight-jacketed in its exercise when done in interest of the public welfare. We find no legal impediment to the contract in question and every extra legal consideration supports it. That is ample consideration for its approval.
The judgment appealed from is accordingly reversed.
Reversed.
HOBSON, C.J., and THOMAS, ROBERTS and DREW, JJ., concur.
SEBRING and MATHEWS, JJ., dissent.
MATHEWS, Justice (dissenting).
This was a suit primarily between two competitors engaged in the towing and wrecking business in the City of Fort Lauderdale.
The City had entered into a contract with the appellant, which will be more fully discussed hereafter. The appellant brought suit against the City concerning a breach of the said contract by the City. While such suit was pending the appellee brought a suit against the City and the appellant, James H. Daly, trading and doing business as Daly's Wrecker Service, which attacked the validity of the contract between Daly and the City.
*646 Daly filed a motion to dismiss the bill of complaint alleging that the issues were directly related to and arising out of the same factual situation and contract as the cause of action then pending in the first suit. The Court denied this motion on May 7, 1952 and such order is assigned as error.
The motion to dismiss upon the grounds therein stated was addressed to the sound discretion of the Court and there was no abuse of discretion in denying the motion.
The real question involved is: Did the City Commission of the City of Fort Lauderdale have the authority to execute the contract dated February 21, 1949 with the appellant, Daly?
In the order entering a final decree the Chancellor said:
"The aforesaid contract provided that the defendant Daly should have the exclusive right for a period of five (5) years to do all the wrecker and towing business which might be required by the Police Department of the City of Fort Lauderdale. Plaintiffs contend that since the contract runs for a period longer than the term of the members of the City Commission it is unconstitutional and void.
"It has been held that the power of the City Commission to enter into a contract which extends beyond the term for which the members of the commission were elected is to be determined by whether such contract is a legislative or governmental function, or whether a business or proprietary act. It is generally held that where the contract is governmental or legislative, it is invalid if it extends beyond the time for which the members of the City Commission were elected. However, this is not true where the charter provides in the legislative act that the city has the authority and power to execute a contract involving legislative or governmental functions which contract extends beyond the terms of the commission. It is conceded by defendants that the charter of the City of Fort Lauderdale has no such provision. It is apparent, therefore, that the contract in question is invalid because the city has not been granted the authority to execute such contract."
Certain principles are so elementary with reference to municipal corporations that no citation of authority is necessary to establish them.
Municipalities in this state are creatures of the Legislature and can exercise only such powers as are expressly conferred by express provisions of law or such as are, by fair implication and intendment, incidental to, or included in, the powers expressly conferred for the purpose of carrying out and accomplishing the objects of the municipality.
The exercise of the police power is a governmental function. Reasonable rules and regulations adopted pursuant to law to regulate traffic and eliminate congestion on streets and highways are the exercise of the police power and, therefore, a governmental power.
The state has plenary power to regulate streets and highways and may delegate such power to municipalities, and the state may also withdraw such police power from municipalities. A grant or delegation of a portion of the police power to a municipality is to be strictly construed. The delegation or grant of a part of the police power with reference to the use and regulation of streets within the municipality does not authorize the municipality to delegate or "farm out" any portion of such police power to private individuals gratuitously or for a consideration. The police power cannot be sold or bartered away.
In the article on Highways, 25 Am.Jur., p. 553, sec. 258, the author has concisely stated the law as follows:
"It is established that the governmental power to control and regulate the use of highways in the public interest cannot be surrendered, or impaired by contract. Particularly as to municipalities, control over their streets is given to them for the benefit of the public. It is in the nature of *647 a trust held by the corporation, from which arises a continuing duty on the part of such corporations to exercise legislative control over their streets at all times and places when demanded by the public good. They have no power, by contract, ordinance, or by law, to cede away, limit or impair their legislative or governmental powers, or to disable themselves from performing their public duties in this regard, at least without the explicit consent of the legislature, or to delegate the exercise of such powers and the performance of such duties to others, so as to relieve themselves of responsibility in this respect."
The appellant strongly urges that the City of Fort Lauderdale is a business enterprise and that the contract in question was entered into by the City in its proprietary capacity. In support of this theory the appellant cites that provision of the contract that he was to render certain service to the City in repairing its automotive equipment, when necessary, on 24-hour basis, free of charge, or without consideration except for the privileges granted him by the contract to remove automobiles from the city streets and alleys for a fee of $5 each in order to relieve congestion of traffic, and that without this service rendered by him to the City, it would be necessary for the City, as a business concern, to repair its own automobiles. There is no merit in this argument. It may be true that it is necessary for the City to keep its automotive equipment in good repair during each twenty-four hours of the day, but this is no justification or excuse for the delegation or trading away of a part of the police power. In the contract itself it is set forth that its purpose was "to remove cars from the streets which are involved in accidents in order to allow a free flow of traffic." (Emphasis supplied.) The regulation of traffic or the removal of obstacles which prevent the "free flow of traffic" is the exercise of a governmental function, that is, the police power.
We do not find any provision of the charter of the City of Fort Lauderdale, or any other provision of the law, which grants to the City the authority or power to execute any such contract as that involved in this case.
Having reached the conclusion which we have it is unnecessary to discuss power of a municipality to enter into binding contracts for the performance of a part of the police power or any other kind of contract to be performed in the future and beyond the terms of the members of such board.
The decree should be affirmed.