202 So.2d 787 (1967)
L.Y. DOUGLAS, Appellant,
v.
CITY OF DUNEDIN, Appellee.
No. 7412.
District Court of Appeal of Florida, Second District.
September 29, 1967.
*788 L.Y. Douglas, of Casler, Douglas & Baxter, Clearwater, for appellant.
Charles S. Baird, Dunedin, for appellee.
SHANNON, Acting Chief Judge.
Appellant L.Y. Douglas, an attorney, sued appellee City of Dunedin for monies allegedly owing to him by contract. His complaint was dismissed for failure to state a cause of action, with leave to amend within twenty days. Upon his failure to amend, final judgment was entered against him, and he appeals.
Appellant's complaint was filed before the effective date of Fla.R.Civ.P. 1.110 (d), 30 F.S.A., which makes it clear that affirmative defenses appearing on the face of a complaint are to be considered for purposes of a motion to dismiss for failure to state a cause of action. However, the conflict on this matter which existed prior to the enactment of Fla.R.Civ.P. 1.110(d) was resolved by the Florida Supreme Court in Hawkins v. Williams, Fla. 1967, 200 So.2d 800, wherein the Court held that under the rules preceding those now in effect, affirmative defenses appearing on the face of a complaint can be considered for purposes of a motion to dismiss. 200 So.2d at 802. Therefore, in determining the sufficiency of appellant's complaint, we will consider any affirmative defenses appearing on its face which would clearly defeat the claim for relief.
Appellant's complaint alleged the following facts: In March, 1938, the parties executed a contract whereby appellee hired appellant to collect, and where necessary, to foreclose, certain delinquent tax liens. As compensation appellant was to receive ten per cent of monies actually collected by him. In the event foreclosure was necessary and appellee purchased the encumbered property at the ensuing public sale, appellant was to receive ten per cent of the price realized by appellee upon subsequent sale, if ever, of such property. Pursuant to the contract appellant caused certain property to be sold at foreclosure sale, and it was purchased by appellee. When appellee sold such property in 1964 for $17,500.00, appellant claimed his ten per cent, and the city commission refused his claim.
If the fact that one of the parties is a municipality is disregarded, there is nothing which renders the contract invalid. It might appear that the obligation assumed by appellee was merely an illusory one, as appellee had complete control over whether appellant would receive any compensation at all for his services in connection with the property involved. A promise, however, is illusory only if it in no way limits the promisor's future action. Appellee could not sell the property without paying ten per cent of the sale price to appellee. To this extent, then, appellee's promise in fact limited *789 its future action, and the contract contained sufficient mutuality of obligation to be valid.
Thus, the contract is valid unless rendered otherwise by the fact that one of the parties to it is a municipality. Any additional considerations necessitated by such fact are by their nature founded on questions of public policy, and appellee's various asserted grounds of invalidity are basically contentions that the contract offends public policy.
Appellee specifically contends that its 1938 commission violated public policy in that it bound appellee in perpetuity. Although a municipality, perhaps, cannot legally bind itself in perpetuity, the allegedly perpetual nature of appellee's obligation is not offensive to any public policy considerations. Appellant was not hired for an indefinite period of time. The only resemblance to "perpetuity" contained in the agreement is the fact that the time for performance by appellee was not definitely fixed in terms of a specified date. This does not mean, however, that appellee was perpetually bound. Indeed, its obligation was not even to arise until it sold the land involved. An obligation to pay a specified sum of money upon the occurrence of a particular event is not a perpetual obligation offensive to public policy.
Appellee also contends that the contract offends public policy in that it permitted the 1938 commissioners to bind their successors in office. Admittedly, the attorney-client relationship is a personal one, and, perhaps, each city commission should be free to select its own confidential legal advisor. Accordingly, a particular commission should not be bound in this regard by its predecessor's selection. It would be illogical, however, at least as it concerns public policy, to apply this line of reasoning to the circumstances involved here. The relationship between appellant and the 1938 commission was not a confidential one for the performance of personal services to the commissioners. It was merely a matter of appellant's being hired by the commissioners, acting as agents of appellee, to handle certain specified matters for a fixed compensation, with no time factor involved. The contract was with appellee rather than with the commissioners in their personal capacities as such. A municipality continues as the same legal entity regardless of changes in the personnel on its governing council. Such continuity is necessary for the transaction of business by it.
Appellee further contends that the 1938 commissioners abused their discretion in agreeing to the manner of compensation which gives rise to the cause sub judice. This arrangement, however, when considered in the context of the circumstances existing at the time it was made, by no means offends public policy. Indeed, it was highly advantageous to appellee. The contract was executed at a time when municipalities had definite financial problems, of which delinquent property taxes were very much a contributing cause. Appellee was obligated to compensate appellant only when it actually realized funds as a result of his services. The contract was fair and reasonable, was prompted by the necessities or existing conditions, and was highly advantageous to appellee.
For these reasons we find that appellant's complaint stated a cause of action. Accordingly, the order of the court below dismissing the complaint is reversed.
Reversed.
PIERCE, J., and MAXWELL, OLIVER, Associate Judge, concur.