286 So.2d 574 (1973)
CITY OF RIVIERA BEACH, Appellant,
v.
John S. WITT, Appellee.
No. 73-122.
District Court of Appeal of Florida, Fourth District.
November 23, 1973.
Rehearing Denied December 31, 1973.
F. Malcolm Cunningham for Cunningham & Cunningham, West Palm Beach, for appellant.
Thomas H. Johnson, West Palm Beach, for appellee.
MAGER, Judge.
This is an appeal by City of Riviera Beach, defendant below, from a summary final judgment entered in favor of John S. Witt, plaintiff below.
The record reflects that on February 3, 1971, the City entered into a two-year written contract to employ Witt as City Prosecutor. Subsequently, elections were held for several municipal offices, at which time successor officers were elected. On or about June 7, 1972, the City of Riviera Beach appointed another prosecutor and appellee instituted proceedings below alleging a breach of the original employment contract and seeking recovery for the balance due on the remaining term of the contract.
The thrust of the City's position is that the contract of employment was void and unenforceable because it purported to bind the City beyond the tenure of the Council which made the contract and thereby created an obligation in excess of the City's powers. In essence, the City contends that it had the authority to appoint a new prosecutor notwithstanding the pre-existing contract with Witt.
Whether a contract extending beyond the terms of municipal officers will be binding upon their successors has been determined to be dependent upon whether the contract involves the exercise of a governmental or proprietary function. McQuillin, Municipal Corporations, vol. 10, § 29.101. This subject has been discussed at length in various treatises and in several recent decisions. In 56 Am.Jur.2d Municipal Corporations, § 154, pp. 206, 207, 208, it is stated:
"With respect to the power of a municipal council to enter, in behalf of the *575 municipality, into a contract which will extend beyond the term for which the members of the council were elected, a distinction is drawn based upon the subject matter of the contract  whether legislative or governmental, or whether business or proprietary. Thus, where the contract involved relates to governmental or legislative functions of the council, or involves a matter of discretion to be exercised by the council unless the statute conferring power to contract clearly authorizes the council to make a contract extending beyond its own term, no power of the council so to do exists, since the power conferred upon municipal councils to exercise legislative or governmental functions is conferred to be exercised as often as may be found needful or politic, and the council presently holding such powers is vested with no discretion to circumscribe or limit or diminish their efficiency, but must transmit them unimpaired to their successors. But in the exercise of the business powers of a municipal corporation, the municipality and its officers are controlled by no such rule, and they may lawfully exercise these powers in the same way, and in their exercise the municipality will be governed by the same rules which control a private individual or a business corporation under like circumstances. Under this distinction, it is generally held that a municipal council may contract for water supply, street lighting, gas supply, etc., and bind subsequent boards, such contracts being made in the exercise of the city's business or proprietary powers, although a contract of this kind must be reasonable in the length of time for which it is to extend.
* * * * * *
"Although a contrary view has been taken in some cases, the general rule followed in nearly all jurisdictions now is that the appointment and removal of public officers is a governmental function, and a municipal council cannot engage a public officer by contract for a term extending beyond that of its own members, so as to impair the right of their successors to remove such officer and to appoint another in his place. ..." (Emphasis added.)
See also Town of Graham v. Karpack Corp., 4 Cir.1952, 194 F.2d 616; American Yearbook Company v. Askew, U.S.D.C.M.D.Fla. 1972, 339 F. Supp. 719; Edsall v. Wheler, 1967, 29 A.D.2d 622, 285 N.Y.S.2d 306; Rawlins v. Levy Court of Kent County, Del. 1967, 235 A.2d 840.
In Daly v. Stokell, Fla. 1953, 63 So.2d 644, 645, the Supreme Court of Florida stated, part:
"We understand the test of a proprietory power to be determined by whether or not the agents of the city act and contract for the benefit and welfare of its people; any contract, in other words, that redounds to the public or individual advantage and welfare of the city or its people is proprietory, while a governmental function, as the term implies, has to do with the administration of some phase of government, that is to say, dispensing or exercising some element of sovereignty... ." (Emphasis added.)
The Daly case involved a contract executed by the city granting the operator of a wrecking and towing business exclusive rights for five years to keep the streets clear of wrecks, derelicts and other impediments to traffic. In concluding that the contract was a valid exercise of the proprietary function of the city, the court in a 5-2 decision observed:
"There is no precise dividing line between the two functions; they may sometime be difficult of distinction and may tend to overlap. In this case the city deemed its function proprietory and we refuse to hold them in error. We are concerned solely with a plain every day bread and butter transaction for the advantage and welfare of the city. When they invade no constitutional prerogative *576 such contracts should be upheld. The Commission so determined; their determination is entitled to great weight; they were dealing with a crucial business matter and the very purpose that actuated Commission-Manager form of City Government, was more efficient business administration." (Emphasis added.)
See also Douglas v. City of Dunedin, Fla. App. 1967, 202 So.2d 787.[1]
The operation of a Municipal Court by the City under its charter and the employment of a City Prosecutor to prosecute all persons arrested and brought to trial before the court for the violation of municipal ordinances "has to do with the administration of some phase of government, that is to say, dispensing or exercising some element of sovereignty ...". See Daly v. Stokell, supra. The employment of a City Prosecutor, in our opinion, relates to the performance of a governmental function; the employment of a City Prosecutor cannot be considered as having been made in the exercise of the City's business or proprietary powers, as that phrase is commonly understood. See 56 Am.Jur.2d, supra, p. 207; Daly v. Stokell, supra; McQuillin, Municipal Corporations, supra, at p. 494.
The fact that Witt's services were pursuant to a "contract of employment" as distinguished from an "appointment" to the office of City Prosecutor does not change the character of the power being exercised or the function being performed. The exercise of a governmental function or power nonetheless remains the exercise of a governmental function or power regardless of the nomenclatural method by which such power or function is described  the "employment" of a City Prosecutor for a specific contractual period is no less the exercise of a governmental function than the "appointment" of a City Prosecutor to serve at the pleasure of an appointing authority.[2]
Accordingly, the summary final judgment entered in favor of Witt is reversed and the cause remanded with directions to enter final summary judgment in favor of the City.
WALDEN, J., and FERRIS, JOHN G., Associate Judge, concur.
NOTES
[1] The contracts which were held to be valid and enforceable in Daly v. Stokell, supra, and Douglas v. City of Dunedin, supra, are factually distinguishable from the contract in the case sub judice.
[2] While the office of City Prosecutor is not specifically designated in the City Charter, authority exists for the creation of offices other than the offices established by the charter with appointees "to hold office at its (City's) pleasure ...". Art. II, sec. 15, of the City Charter, City of Riviera Beach, applicable hereto. By Ordinance No. 680, the position of City Prosecutor was created. A two-year employment contract would seemingly be in direct conflict with the foregoing.