QUESTION:
Does a first-appointed commissioner of a municipal housing authority initially appointed for a term of four years and duly designated as the first chairman of the authority under the provisions of s. 421.05(1) and (2), F.S., retain, for the term of his appointment as commissioner, the office of chairman of the authority for a like period, despite duly adopted bylaws of the authority providing that the chairman thereof shall be selected annually and hold office for one year or until his successor is selected?
SUMMARY:
Irrespective of his statutory term of office as a housing authority commissioner, under the provisions of s. 421.05, F.S., an initially appointed commissioner of a municipal housing authority designated as the first chairman of such authority serves in such a capacity until such time as the governmental body provides, by proper parliamentary action, rules for its organization, the conduct of its business, and the mode of selection of its own officers, including the time of such selection as well as the term for which such officers shall serve in such capacity. The members and officers of the authority are controlled and governed by the duly adopted bylaws and rules of the authority, unless otherwise provided by law.
Your question is answered in the negative.
Under s. 421.05(1), F.S., housing authority commissioners are appointed for staggered terms of office expiring at different times, and such authority is a continuing body. See Daly v. Stonkell, 63 So.2d 644 (Fla. 1953). Under general rules of parliamentary law, when part of a deliberative body remains and is to be completed by reception of new members, it remains as an organized nucleus and in its organized form receives new members and then proceeds to the election of new officers of the body, if any are then to be elected. See 67 C.J.S. Parliamentary Law s. 2.
When not otherwise prescribed by statute, a public body corporate and politic or other deliberative body may adopt its own regulations and rules of procedure and, in the absence thereof, the general parliamentary rules of law prevail. See 62 C.J.S.Municipal Corporations s. 400; 67 C.J.S. Parliamentary Law s. 3.Accord: Witherspoon v. State, 103 So. 134 (Miss. 1925); Crawford v. Gilchrist, 59 So. 963 (Fla. 1912). When lawful authority therefor exists, an administrative agency may adopt its own mode or form of organization. See 73 C.J.S. Public AdministrativeBodies and Procedure s. 19; State v. State Board of Administration, 25 So.2d 880 (Fla. 1946). See also 62 C.J.S.Municipal Corporations s. 389.
In analogous circumstances, when a statute provided that boards of county commissioners had the power at any legal meeting to elect one of their number chairman, the Florida court found that the statute did not prescribe that the chairman should be elected for any specified time, and held that the members of the board had the legal right to elect a chairman to preside over their meetings as often as they saw fit to do so, provided such election was held at a legal meeting. Brewer v. Kellum, 50 So. 581 (Fla. 1909); cf., s. 165.10, F.S.; s. 125.01(1)(a), F.S.
The chairman of the board acts merely as the presiding officer of the board and as its agent for the performance of certain duties incidental to, and devolving upon, such office in accordance with the duly adopted bylaws or rules of the board. Since no terms of office are designated by statute for the officers of the board or for its chairman, the board itself is free to provide by proper parliamentary action rules for its organization and the conduct of its business, including rules for the mode of selection of its officers, the times for the election thereof by the board, and the period of time or term of office that its officers are to serve in such capacities. Cf. Gowey v. Siggelkow, 382 P.2d 764 (Idaho 1963); 4 McQuillin, Municipal Corporations, s. 13.19.
Applying the previously cited authorities to s. 421.05, F.S., we note that as a result of initial appointments for terms of one, two, three, and four years, respectively, commissioners comprising a housing authority are assured staggered terms of office as commissioners. Their appointments are as members of the authority,not as officers of this governmental body. Section 421.05(1).
Thus, having designated who will comprise the initial membership of the authority, s. 421.05(2), supra, provides that one commissioner shall be designated to be the authority's first chairman. Under the statute the first-appointed chairman may be a member serving a one-year, two-year, or three-year term on the authority. The statute does not require that the first chairman be a four-year member of the first board.
Nowhere in s. 421.05, supra, does the statute specify any term of office for the first chairman, nor does this section specify when the office of first chairman shall expire or become vacant. Likewise, in regard to the vice chairman, who is selected by the membership of the authority, the statute is again silent as to a member serving in such a capacity for any specified period of time. Section 421.05(2) does not even specify a definite time when the body shall organize itself either initially or at some other time or times. Impliedly the statute in effect provides that, having once organized, the body shall from time to time select from its membership a chairman and vice chairman.
Section 421.08, F.S., provides, inter alia, that the authority is a public body corporate and politic possessing all the powers necessary or convenient to effectuate the purposes of the statute, including the power to make and from time to time amend and repeal bylaws, rules, and regulations to carry into effect the powers and purposes of the authority. However, the statute does not place any limitations on the exercise of such powers and does not prescribe any details, specify any procedures, or specify any particular time or meeting at which such matters are to be considered, adopted, or otherwise implemented.
Generally, the statute does not in any way limit or restrict the body in the regulation of its own organization or procedures or in any other way restrict the body in conducting its business — including its own internal affairs — and in exercising the powers granted it by law, ss. 421.05 and 421.08, F.S., except to fix a quorum and require that any action taken by the board shall be upon a vote of the majority of the members present, unless subsisting bylaws of the authority shall require a larger number.
As your inquiry indicates, the Melbourne Housing Authority has adopted certain bylaws which provide that the chairman and vice chairman shall be elected at the annual meeting of the authority from among its members and shall hold office for one year or until their successors are elected and qualified.
In consideration of the foregoing, I am of the opinion that the first chairman serves as such until such time as the governmental body itself provides, by proper parliamentary action, rules for its organization and the conduct of its business, including, among other things, the mode of selecting its officers, the times when they are selected, and the period of time they are to serve in such capacities. Upon the adoption of any such bylaws or parliamentary rules, then each member of the body, including the officers thereof, will be controlled and governed thereby and must conform thereto.