373 So.2d 408 (1979)
Robert TWEED, Appellant,
v.
CITY OF CAPE CANAVERAL, Appellee.
No. 77-2703.
District Court of Appeal of Florida, Fourth District.
July 25, 1979.
*409 Walter T. Rose, Jr. of Rose & Weller, Cocoa Beach, for appellant.
Charles M. Harris of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellee.
DAUKSCH, Judge.
This is an appeal from an order dismissing a complaint for failure to state a cause of action. The order dismissing the complaint was entered under the authority of City of Riviera Beach v. Witt, 286 So.2d 574 (Fla. 4th DCA 1973). For the reasons stated herein we recede from City of Riviera Beach v. Witt, supra, and reverse the order appealed.
This matter involves the firing of a police chief by the City Council before the expiration of his contract of employment. The trial court dismissed his suit because the contract of employment was "void under the doctrine of" City of Riviera Beach v. Witt, supra, "in that it purports to bind the City of Cape Canaveral to a contract involving a governmental function of the City beyond the terms of office of the City Council who entered into the contract." The function of the police chief is a governmental function just as the function of the prosecutor, Mr. Witt, in the above cited case was a governmental function.
The question on appeal in this case is the same as the question presented in City of Riviera Beach v. Witt, supra, to-wit: Is a contract of employment of an employee performing a governmental function executed by a previous City Council binding upon the City after a new City Council is elected? A negative answer was rendered in City of Riviera Beach v. Witt, supra; the City is not bound to honor the contract beyond the term of the City Council which undertook the contract.
We reach a different conclusion in this case because Section 166.021, Florida Statutes (1973)[1] effectively redefines the authority of the City Council to enter into longer term governmental function contracts with employees and this statute was not considered in our decision in City of Riviera Beach v. Witt, supra, and must be considered here. Although this statute can be characterized as an implementing statute under Art. VIII, Section 2(b), Florida Constitution we view it as expanding the authority of municipalities to govern and control themselves without state interference.[2] This Municipal Home Rule Powers Act says in Section 166.021(4), Florida Statutes (1973) "The provisions of this section shall be so construed as to secure for municipalities the broad exercise of home rule powers granted by the constitution. It is the further intent of the legislature to extend to municipalities the exercise of powers for municipal, governmental, corporate or proprietary purposes not expressly prohibited by the constitution, general or special *410 law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited." We cannot take these words lightly and merrily ignore the obvious legislative intent to leave the cities alone and let them conduct their own affairs. We endorse the beneficial effect intended and, beyond that, recognize the legislature has the sole authority over restriction of municipal powers as mentioned in Article VIII, Section 2(b), Florida Constitution:
POWERS. Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law.
We recognize the quite logical and persuasive argument of the City against "caretaker governments" which argument asserts an abusive council could establish long-term contracts with various governmental employees and all subsequent councils would merely watch over the government as these functionaries went about their bureaucratic affairs. If this occurs then the state legislature might, or might not, want to change the law but it is not up to us to change the legislature's intent and act in its stead. If the City can prove a council, assumably a prior council, abused its authority or conspired in some way to violate the imposed trust then other legal remedies would exist just as such remedies would exist in the control of contracts for proprietary functions. We are aware of the specter of "midnight contracts" disfavored, unseated councils might impose upon a city but discount any hint of it becoming frequent and with optimism rely on the voters to put into office no such inclined officials.
On the other hand we recognize the best way to get the best people to do their best job is to treat them right, pay them well and offer them security in their employment. To that end we hold the cited statute governs over the cited case and city councils can enter into contracts for employment of persons performing governmental functions for periods of time extending beyond the term of office of the members of the council themselves.
The order dismissing the complaint is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
ANSTEAD, J., and SCHOONOVER, JACK R., Associate Judge, concur.
NOTES
[1] This statute is constitutional. City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764 (Fla. 1974).
[2] In State v. City of Sunrise, 354 So.2d 1206 (Fla. 1978) it was held that absent an express legislative restriction a municipality can issue bonds characterized as "novel" if they "are pursuant to the exercise of a valid municipal purpose." See also City of Temple Terrace v. Hillsborough Association for Retarded Citizens, Inc., 322 So.2d 571 (Fla. 2d DCA 1975).