378 So.2d 53 (1979)
TOWN OF INDIAN RIVER SHORES, a Municipal Corporation, Appellant,
v.
Helen COLL, Appellee.
No. 78-1417.
District Court of Appeal of Florida, Fourth District.
December 5, 1979.
Rehearing Denied January 14, 1980.
*54 Chester E. Clem, Jr., of Jackson & Clem, Vero Beach, for appellant.
Robin A. Blanton and George H. Moss, of Jones, Paine & Foster, Vero Beach, for appellee.
DOWNEY, Chief Judge.
This is an appeal from a final judgment in favor of appellee arising out of a contract of employment with the appellant.
It appears that The Town of Indian River Shores received a grant in conjunction with The Comprehensive Employment Training Act (CETA) to fund a public service employment position. Initially, the position was funded for a four month period only, October 1, 1976, to January 31, 1977, with indications that further funding for one year might be forthcoming. Pursuant to the grant in question, the appellant created a position in the fire department described as "communications officer and secretary."
Appellee-Coll had worked part time for the then Mayor, Roland Miller. She testified that the mayor offered her the new position of Communications Officer and Secretary for a period of one year and she accepted. At the end of the four month period the CETA grant was extended for the duration of one year. However, at the time the grant was extended, effective February 1, 1977, Mayor Miller's term and that of his colleagues on the Town Council had expired and a new Council and mayor had taken office. The new mayor decided the position of Communications Officer and Secretary was no longer needed and that the CETA funds should be utilized to fund a position of fireman. Accordingly, appellee was terminated and in due course she commenced this suit to recover the remainder of her salary for the one year period. The jury returned a verdict for appellee in the amount of $4,371.68, upon which final judgment was entered and this appeal ensued.
Appellant contends that the judgment below is erroneous because 1) the mayor did not have the authority to enter into a contract the period of which exceeded the remaining term of his office, and 2) the mayor had no authority to enter into a contract for one year without the express consent and approval of the Town Council.
There is a definite line of authority which holds that a municipal council may not enter into a contract the subject matter of which is governmental, if it extends beyond the council members' term, whereas, if the subject matter of the contract is proprietary the period can exceed the council members' term.[1] Appellant initially relies upon that authority for reversal of the *55 judgment appealed from. However, in the opinion of this court that reliance is misplaced because the subject matter of the contract in question is proprietary. In Daly the Florida Supreme Court set forth the following guidelines in distinguishing between a governmental and proprietary function:
We understand the test of a proprietory (sic) power to be determined by whether or not the agents of the city act and contract for the benefit and welfare of its people; any contract, in other words, that redounds to the public or individual advantage and welfare of the city or its people is proprietory, while a governmental function, as the term implies, has to do with the administration of some phase of government, that is to say, dispensing or exercising some element of sovereignty. Id. at 645.
But even if the subject matter were governmental, those authorities would not control because the foregoing rule is no longer operative in Florida in view of Section 166.021(4), Florida Statutes (1977).[2] In a recent case[3] involving this same point we held that Section 166.021(4) authorized a city council to enter into contracts, governmental or proprietary in substance, which extended beyond the term of office of the council. In doing so we expressly receded from our opinion in City of Riviera Beach v. Witt, supra. Thus, we conclude that, absent some Charter or Ordinance limitation, a city council, or a mayor if so authorized, can contract for a period in excess of its term.
In the instant case the broad grant of authority delegated to municipalities under Section 166.021(4) is of no consequence since Mayor Miller failed to follow the proper procedural requirements outlined in a town ordinance dealing with employment contracts. This ordinance, referred to by the parties as Section 2.18, but shown in the record as Chapter 14, provides:
The employment of any person, firm or corporation to render service to the Town of Indian River Shores shall be by contract authorized by the Town Council.
It seems to us that the plain wording of that ordinance nullifies the alleged contract entered into on behalf of the City by Mayor Miller without council approval. Nor do we believe there is any estoppel available to appellee because one who contracts with a municipality is bound to know the limitations of the City's contracting authority.[4] If the contract is ultra vires then, absent some special estoppel, no liability accrues to the City.
Accordingly, the judgment appealed from is erroneous and must be reversed.
REVERSED AND REMANDED.
LETTS and BERANEK, JJ., concur.
NOTES
[1] Daly v. Stokell, 63 So.2d 644 (Fla. 1953); City of Riviera Beach v. Witt, 286 So.2d 574 (Fla. 4th DCA 1973); cert. denied 295 So.2d 304 (Fla. 1974); 56 Am.Jur.2d, Municipal Corporations, § 154.
[2] "(4) The provisions of this section shall be so construed as to secure for municipalities the broad exercise of home rule powers granted by the Constitution. It is the further intent of the Legislature to extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibited by the Constitution, general or special law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited... ."
[3] Tweed v. City of Cape Canaveral, 373 So.2d 408 (Fla. 4th DCA 1979).
[4] Ramsey v. City of Kissimmee, 139 Fla. 107, 190 So. 474 (Fla. 1939).