Mr. Parks M. Carmichael City Attorney City of Chiefland Post Office Box C Gainesville, Florida 32601
Dear Mr. Carmichael:
This is in response to your request for an opinion on substantially the following questions:
 1. CAN THE CITY COMMISSION OF THE CITY OF CHIEFLAND ENTER INTO A CONTRACT FOR INSURANCE FOR A THREE-YEAR PERIOD OF TIME WHICH WOULD BIND FUTURE COMMISSIONS?
 1A. CAN THE CONTRACT INCLUDE A PROVISION WHICH WOULD PROVIDE FOR AUTOMATIC PREMIUM INCREASES BASED ON INSURANCE RATES APPROVED BY THE INSURANCE COMMISSIONER?
 2. CAN THE CITY COMMISSION BIND FUTURE COMMISSIONS BY ENTERING INTO AN EMPLOYMENT CONTRACT FOR A TWO-YEAR PERIOD OF TIME FOR A CITY AUDITOR?
Your questions are interrelated and involve the same general principles of law, and therefore will be answered together.
You state in your letter that the City of Chiefland awards its insurance contracts based on competitive bids and after investigating the qualifications of the successful bidders. This has been done in the past on an annual basis. The successful bidder for this year has informed the commission that it could probably get a better rate if the insurance contract was awarded on a three (3) year basis. A provision would be placed in the contract allowing for annual rate increases that are approved by the Insurance Commissioner subject to the condition that if the rate increase was more than a certain percentage, the city could repudiate the future insurance contracts. Also, the auditor performing auditing services for the city has asked the governing body of the city to award him a two (2) year contract.
The general rule is, and in the past the rule in Florida was, that the governing body of a municipality could not enter into a contract that extended beyond the term of office of the members if the subject matter of the contract was governmental, but could enter into a contract that extended beyond the members' term of office if the subject matter was proprietary and the contract was reasonable in the length of time for which it was to extend. See, 56 Am.Jur.2d Municipal Corporations s 154 (1971); 10 McQuillin Municipal Corporations s 29.101 (1981); Daly v. Stokell,63 So.2d 644 (Fla. 1953); City of Riviera Beach v. Witt, 286 So.2d 574 (4 D.C.A.Fla., 1973), cert. den., 295 So.2d 305 (Fla. 1974). The reason for this rule is stated at 56 Am.Jur.2d, supra:
 Thus, where the contract involved relates to governmental or legislative functions of the council, or involves a matter of discretion to be exercised by the council unless the statute conferring power to contract clearly authorizes the council to make a contract extending beyond its own term, no power of the council so to do exists, since the power conferred upon municipal councils to exercise legislative or governmental functions is conferred to be exercised as often as may be found needful or politic, and the council presently holding such powers is vested with no discretion to circumscribe or limit or diminish their efficiency, but must transmit them unimpaired to their successors. But in the exercise of the business powers of a municipal corporation, the municipality and its officers are controlled by no such rule . . . . (e.s.)
This general rule, drawing a distinction between governmental and proprietary functions, appears to have been abrogated in Florida by the passage of the Municipal Home Rule Powers Act. Chapter 166, F.S. See, Town of Indian River Shores v. Coll, 378 So.2d 53 (4 D.C.A.Fla., 1980); Tweed v. City of Cape Canaveral, 373 So.2d 408
(4 D.C.A.Fla., 1979), cert. den., 385 So.2d 755 (Fla. 1980). In 1973, the state Legislature enacted the Municipal Home Rule Powers Act which granted to municipalities broad home rule powers. For example, s 166.021(1), F.S., of the act, among other things, provides that municipalities "may exercise any power for municipal purposes except when expressly prohibited by law." Section166.021(4), F.S., further provides that the provisions of s166.021 shall be construed so as to secure for municipalities the broad exercise of home rule powers granted by the Constitution, and that the legislative intent is to extend to municipalities the exercise of powers for municipal government, corporate, or proprietary purposes not expressly prohibited by the Constitution, general or special law, or in charter counties by the county charter, and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited. In Tweed v. City of Cape Canaveral, supra, the city council had fired the police chief before the expiration of his contract of employment, and the city had contended that the contract was void in that it purported to bind the city "to a contract involving a governmental function of the City beyond the terms of office of the City Council who entered into the contract." Id., at 409. The court, however, held that the Home Rule Powers Act effectively redefined the authority of a governing body of a municipality to enter into longer term governmental function contracts with employees, and specifically ruled that a city council was empowered to "enter into contracts for employment of persons performing governmental functions for periods of time extending beyond the term of office of the members of the council themselves." Id., at 410. In Town of Indian River Shores v. Coll, supra, at 55, citing the Tweed decision, the court held that "absent some Charter or Ordinance limitation, a city council, or a mayor if so authorized, can contract for a period in excess of its term."
Applying the rule of law set forth in these judicial decisions to the factual circumstances of your inquiry, I am of the opinion that the City Commission of the City of Chiefland is authorized to enter into a contract for municipal insurance coverage for a three year period of time, that a provision could be included for increase of premium rates not to exceed a stated percentage, approved by the Insurance Commissioner, and that the city commission is authorized to enter into a contract for auditing services for the city for a two year period of time. Also, I am not aware of any legal impediment to including a provision in the contract to permit a yearly rate increase based upon rate increases approved by the Insurance Commissioner. Thus, in the absence of a charter amendment adopted subsequent to the effective date of the Municipal Home Rule Powers Act (October 1, 1973), which prohibits such contracts, a municipality is authorized to enter into contracts which extend beyond the term of office of the present commissioners.
I am therefore of the opinion that the City Commission of the City of Chiefland is authorized, in the absence of any charter amendment adopted after the effective date of the Municipal Home Rule Powers Act (Ch. 166, F.S.) which prohibits contracts extending beyond the term of office of the members of the commission, to enter into contracts for insurance and auditing services that extend beyond the term of office of any of the present commissioners and further that a provision can be included in the insurance contract for a yearly premium increase based on a rate approved by the Insurance Commissioner.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General