Mr. G.R. McClelland City Attorney City of Largo Post Office Box 296 Largo, Florida 34649-0296
Dear Mr. McClelland:
You have asked substantially the following question:
 Does the Florida Home Rule Powers Act, Ch. 166, F.S., or s. 10, Art. VII, State Const., prohibit a municipality from entering into a contract which requires payments beyond the end of the fiscal year, but contains a "fiscal non-funding" clause?
In sum, I am of the following opinion:
 A municipality may enter into a contract which requires payments from non-ad valorem taxation sources beyond the end of the fiscal year without approval by referendum and subject to the appropriation of funds, if such action is not prohibited by an ordinance or charter provision. Obligations for a term in excess of one year and funded from ad valorem sources, however, are subject to approval by eligible voters.
You state that the City of Largo presently enters into contracts which obligate the city beyond the current fiscal year. Such contracts, however, contain a "non-funding" clause which provides for their termination at the end of the fiscal period in the event funds are not appropriated for payment of the obligations during the following fiscal year. You inquire whether these contracts violate s. 10, Art. VII, State Const., or s. 166.241, F.S.
As this office has no authority to approve or disapprove specific contracts, the following comments are submitted to generally address this matter.
Section 10, Art. VII, State Const., provides:
 Neither the state nor any county, school district, municipality, special district, or agency of any of them, shall become a joint owner with, or stockholder of, or give, lend or use its taxing power or credit to aid any corporation, association, partnership or person. . . .
The governing body of a municipality clearly possesses the power to borrow money, contract loans, and issue bonds, as defined in s.166.101, F.S.,[1] to undertake any capital or other project for the purposes permitted by the State Constitution and may pledge the funds, credit, property, and taxing power of the municipality for the payment of such debts and bonds.[2] Bonds issued under Part II, Ch. 166, F.S., however, are required to be authorized by resolution or ordinance of the governing body and "if required by the State Constitution, by affirmative vote of the electors of the municipality."[3]
Section 12, Art. VII, State Const., provides:
 Counties, school districts, municipalities, special districts and local governmental bodies with taxing powers may issue bonds, certificates of indebtedness or any form of tax anticipation certificates, payable from ad valorem taxation and maturing more than twelve months after issuance only:
 (a) to finance or refinance capital projects authorized by law and only when approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation; or
 (b) to refund outstanding bonds and interest and redemption premium thereon at a lower net average interest cost rate. (e.s.)
The State Constitution clearly requires a taxing authority to have eligible voter approval before entering into an agreement for a term in excess of twelve months and in which the obligation is to be paid from ad valorem taxation. Accordingly, to the extent the city wishes to enter into contracts requiring payments for a period greater than twelve months and funding from ad valorem taxation, approval of the eligible voters by referendum would be needed.
No approval by the electors is required, however, when a municipality's obligations or debts of any type are payable solely from sources other than ad valorem taxes and do not directly or indirectly pledge the municipality's property, credit or general taxing power.[4] Accordingly, to the extent the city's obligations are approved by resolution or ordinance, payable from sources other than ad valorem taxes and do not pledge the municipality's taxing power or credit, they would not be prohibited by s. 10, Art. VII, State Const.[5]
In Town of Indian River Shores v. Coll, it was determined that the enactment of the Municipal Home Rule Powers Act, Ch. 166, F.S., enables the governing body of a city to enter into contracts, governmental or proprietary in substance, which extend beyond the term of office of the council.[6] The court concluded that absent a charter or ordinance limitation, the city council could contract for a period of time in excess of its term.[7]
This office, in AGO 83-36, concluded that a city commission could enter into a three-year contract which effectively would bind future commissions. The opinion relied upon the Coll decision to conclude that a city could contract with an insurance company for coverage over a three-year period, if there were no charter provisions enacted after the effective date of the Municipal Home Rule Powers Act (October 1, 1973) which prohibited such contracts.
Thus, if there is no ordinance or charter provision enacted after October 1, 1973, which prohibits a contract in excess of a fiscal year, a city, pursuant to its home rule powers may enter into such contracts.[8]
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 166.101(1), F.S., defines "bond" to include "bonds, debentures, notes, certificates of indebtedness, mortgage certificates, or other obligations or evidences of indebtedness of any type or character."
[2] Section 166.111, F.S. See also, s. 166.101(4), F.S., defining the term "revenue bonds" as "obligations of the municipality which are payable from revenues derived from sources other than ad valorem taxes . . . and which do not pledge the property, credit, or general tax revenue of the municipality."
[3] Section 166.121(1), F.S.
[4] See, AGO 80-9, generally discussing the constitutional requirements for a municipality to borrow money or incur debt.
[5] Cf., State v. Miami Beach Redevelopment Agency, 392 So.2d 875,898 (Fla. 1980) (local revenue sources other than ad valorem taxation may be pledged without referendum).
[6] 378 So.2d 53 (4 D.C.A.Fla., 1979).
[7] Id at 55.
[8] See, s. 5.11(b), City of Largo Charter, which in part, provides:
 However, except where prohibited by law, nothing in this charter shall be construed to prevent the making or authorizing of payments or making of contracts for capital improvements to be financed wholly or partly by the issuance of bonds or to prevent the making of any contract or lease providing for payments beyond the end of the fiscal year, provided that such action is made or approved by ordinance.