Mr. Harry A. Jones Legal Counsel North Brevard County Hospital District Post Office Box 6447 Titusville, Florida 32782-6447
Dear Mr. Jones:
On behalf of the North Brevard County Hospital District Board of Directors, you have asked for my opinion on substantially the following question:
Are routine contracts relating to the day-to-day operations of the North Brevard County Hospital District proprietary contracts that may be entered into for periods extending beyond the terms of the current district board members?
In sum:
Contracts relating to the day-to-day operations of the North Brevard County Hospital District, such as real estate contracts, managed care contracts and vendor contracts, are proprietary contracts that may extend beyond the terms of office of current board members.
The North Brevard County Hospital District recently sought an Attorney General's Opinion regarding whether the Board of Directors of the district could enter into an employment contract for a new chief executive officer when the length of that contract would extend beyond the current board members' terms of office. In response, Attorney General's Opinion 99-51 concluded that the employment contract between the district and its chief executive officer was governmental in nature and the board could not validly bind the district by contracting for a period that extended beyond the current board members' terms of office.
It is the general rule that a governmental entity may not enter into a contract extending beyond the term of office of the members of the governing body if the subject matter of the contract is governmental. However, a contract involving the exercise of proprietary or business powers may bind successors in office for a term of years so long as the contract is reasonable in the length of time for which it is to extend. This rule would apply to governmental entities such as the North Brevard County Hospital District.[1] Thus, the question of whether officers may bind their successors by contract is generally determined by the nature of the power exercised in making the contract.
The Florida Supreme Court, in Daly v. Stokell,[2] distinguished between proprietary and governmental powers as follows:
"We understand the test of a proprietory [sic] power to be determined by whether or not the agents of the city act and contract for the benefit and welfare of its people; any contract, in other words, that redounds to the public or individual advantage and welfare of the city or its people is proprietory [sic], while a governmental function, as the term implies, has to do with the administration of some phase of government, that is to say, dispensing or exercising some element of sovereignty."[3]
The Court went on to note that proprietary contracts "are concerned solely with . . . plain everyday bread and butter transaction[s] for the advantage and welfare of the city."[4] In such cases, where business matters are involved and the purpose of the contract is more efficient business administration, a proprietary contract may be undertaken for a period to extend beyond the current term of governing board members.
Twenty years later Florida courts were still relying on the test established by the Court in Daly to determine the validity of contracts entered into by local governmental entities. In City ofRiviera Beach v. Witt,[5] the Fourth District Court of Appeal reviewed an employment contract between the city and a city prosecutor and determined that such a contract reflected the performance of a governmental function and could not extend beyond the terms of office of his employers. The Fourth District explained:
"[W]here the contract involved relates to governmental or legislative functions of the council, or involves a matter of discretion to be exercised by the council unless the statute conferring power to contract clearly authorizes the council to make a contract extending beyond its own term, no power of the council so to do exists, since the power conferred upon municipal councils to exercise legislative or governmental functions is conferred to be exercised as often as may be found needful or politic, and the council presently holding such powers is vested with no discretion to circumscribe or limit or diminish their efficiency, but must transmit them unimpaired to their successors. But in the exercise of the business powers of a municipal corporation, the municipality and its officers are controlled by no such rule, and they may lawfully exercise these powers in the same way, and in their exercise the municipality will be governed by the same rules which control a private individual or a business corporation under like circumstances. Under this distinction, it is generally held that a municipal council may contract for water supply, street lighting, gas supply, etc., and bind subsequent boards, such contracts being made in the exercise of the city's business or proprietary powers, although a contract of this kind must be reasonable in the length of time for which it is to extend."[6]
Using these criteria, a lease of city property has been found to be a proprietary contract, as have an arrangement with a neighboring county for the care of a city's contagious disease patients at the county hospital and a contract for services with respect to public building projects.[7]
Similarly, it is my opinion that ordinary, day-to-day business contracts of the North Brevard County Hospital District for such things as real estate transactions, managed care contracts, and vendor contracts are proprietary in nature and can be entered into for a period to extend beyond the current terms of members of the board of directors.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] As discussed more fully in Attorney General's Opinion 99-51 (1999), this rule no longer applies to municipalities in Florida following adoption of the Municipal Home Rule Powers Act.
[2] 63 So.2d 644 (Fla. 1953).
[3] Id. at 645.
[4] Id.
[5] 286 So.2d 574 (Fla. 4th DCA 1973), cert. den.,295 So.2d 305 (Fla. 1974).
[6] Id. at 575.
[7] See, 63 C.J.S. Municipal Corporations s. 987, p. 549.