Mr. Bruce A. Harris Interim Chief Counsel Palm Beach County School Board 3318 Forest Hill Boulevard, Suite C-302 West Palm Beach, Florida 33406-5813
Dear Mr. Harris:
You ask on behalf of the Palm Beach County School Board substantially the following questions:
1. May the school board enter into a contract the term of which exceeds the board members' terms of office?
2. If not, would a contract with noninstructional confidential employees be subject to such a restriction?
3. Do any provisions of law limit the duration of an employment contract with noninstructional confidential personnel to one year?
4. How would the answers to Questions Two and Three differ if the employment contract is with a noninstructional managerial employee?
In sum:
1. School boards, just as municipalities, have been given home rule powers and may exercise any power for a school purpose unless prohibited by the Florida Constitution or general law. A school board, therefore, may enter into a contract with a term in excess of the board members' terms of office, absent any constitutional or statutory prohibition against such action.
2. and 3. While section 231.3605, Florida Statutes, provides for year-to-year contracts for noninstructional personnel that continue unless terminated by the superintendent, it is not applicable to confidential employees and no other part of the Florida School Code appears to otherwise limit the contract period of such confidential noninstructional personnel.
4. Nothing in the Florida School Code limits the superintendent's authority to recommend employment contracts for noninstructional managerial personnel for terms in excess of one year.
Question One
You state that on various occasions, the Palm Beach County School Board has questioned whether a contract is proprietary or governmental in nature, thereby potentially affecting the board's ability to enter into a contract with a term in excess of the current board members' terms of office.
It is generally accepted that a governmental entity is precluded from entering into contracts that extend beyond the current body's term of office if the subject matter of the contract is governmental. A contract involving business or proprietary matters, however, may bind successor boards for a term of years, if the contract is reasonable in the length of time it will run.[1]
As this office noted in Attorney General Opinion 99-51, this restriction is no longer applicable to municipalities in Florida since the adoption of the Municipal Home Rule Powers Act.[2] This raises the question of whether school boards enjoy the same freedom, given their own home rule powers granted under section 230.03, Florida Statutes. Section 230.03(2), Florida Statutes, provides:
"In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expresslyprohibited by the State Constitution or general law." (e.s.)
Since 1983, this office has taken the position that school boards possess a variant of "home-rule power," and that a district school board may exercise any power for school purposes in the operation, control, and supervision of the free public schools in its district except as expressly prohibited by the Florida Constitution or general law.[3] In the event of a conflict between a state statute and legislative action taken by the school board, however, the state statute will prevail.[4]
For example, in Attorney General Opinion 96-97, this office was asked whether the school board could alter the superintendent's recommendation of a two-year rolling contract for certain administrative personnel by accepting the superintendent's nomination, but limiting the term of employment to one year. In determining that the board lacked the authority to alter the length of the contract, the opinion relied upon the limitations in section 230.23(5)(a), Florida Statutes, on the board's ability to reject nominations and the superintendent's authority to recommend terms of employment contracts contained in section 230.33(7)(c), Florida Statutes. While recognizing that the ultimate decision to hire or not rests with the school board, it was found that the superintendent's nomination of an individual is final unless the board finds that the nominee is morally or professionally unqualified.[5]
Accordingly, absent a constitutional or statutory prohibition against such action, the school board has the authority to enter into contracts serving a school purpose for terms in excess of the terms of the board's members.
Questions Two and Three
You state that confidential noninstructional personnel are secretaries and clerical employees who serve administrators, and that traditionally these employees have received one-year contracts. You note that such employees are not eligible for year-to-year contracts under section 231.3605, Florida Statutes, since that section does not apply to persons employed in confidential or managerial positions.
Section 230.23, Florida Statutes, sets forth the powers to be exercised and duties to be performed by the school board. Subsection (5) of the section requires the board to designate positions to be filled, prescribe qualifications for such positions, and provide for the appointment, compensation, promotion, suspension, and dismissal of employees, subject to the conditions in Chapter 231, Florida Statutes.
The superintendent is responsible for the administration and management of the schools and for the supervision of instruction.[6] The duties and responsibilities of the superintendent include "recommend[ing] to the district school board terms for contracting with employees and prepar[ing] such contracts as are approved."[7] It is the superintendent, not the school board, who recommends the length of a contract for employment of personnel. As noted in Question One, the ultimate decision to accept or reject the nomination of an individual for employment is made by the board, but the length of the contract does not appear to be a proper factor to be considered by the board in its determination.[8]
Section 231.3605, Florida Statutes, defines "[e]ducational support employee[s]" as:
"any person employed by a district school system who is employed as a teacher assistant, an education paraprofessional, a member of the transportation department, a member of the operations department, a member of the maintenance department, a member of food service, a secretary, or a clerical employee, or any other person who by virtue of his or her position of employment is not required to be certified by the Department of Education or district school board pursuant to s. 231.1725. This section doesnot apply to persons employed in confidential or managementpositions. This section applies to all employees who are not temporary or casual and whose duties require 20 or more hours in each normal working week."[9] (e.s.)
Generally, educational support employees are employed initially on a probationary status. Upon successful completion of the probationary period, "the employee's status shall continue from year to year unless the superintendent terminates the employee" for reasons stated in the collective bargaining agreement, or in district rules when there is no collective bargaining agreement, or as a result of a district-wide reduction in employees due to financial reasons.[10] Section 231.3605, Florida Statutes, however, clearly exempts confidential employees from its terms. No other provisions in the Florida School Code appear to limit or otherwise control the length of time a confidential educational support employee may be employed by contract.
Question Four
For purposes of the Florida School Code, "administrative personnel" and "managers" are defined in section 228.041, Florida Statutes. Administrative personnel include employees who perform managerial activities and are generally high-level personnel assigned systemwide or schoolwide functions, such as superintendents, assistant superintendents, deputy superintendents, principals, assistant principals, vocational center directors, and others who perform management activities.[11] Noninstructional administrators are employees with "district-level administrative or policymaking duties who have broad authority for management policies and general school district operations related to the noninstructional program."[12]
Section 228.041(39), Florida Statutes, defines "managers" as
"staff members who perform managerial and supervisory functions while usually also performing general operations functions. Managers may be either instructional or noninstructional in their responsibility. They may direct employees' work, plan the work schedule, control the flow and distribution of work or materials, train employees, handle complaints, authorize payments, and appraise productivity and efficiency of employees. This classification includes coordinators and supervisors working under the general direction of those staff identified as district-based instructional or noninstructional administrators."
A review of the Florida School Code finds nothing that would limit the superintendent's authority to recommend employment contracts for noninstructional managerial personnel for terms in excess of one year.[13]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Daly v. Stokell, 63 So.2d 644 (Fla. 1953); Town ofIndian River Shores v. Coll, 378 So.2d 53 (Fla. 4th DCA 1979);Tweed v. City of Cape Canaveral, 373 So.2d 408 (Fla. 4th DCA 1979), cert. den. 385 So.2d 755 (Fla. 1980); City of RivieraBeach v. Witt, 286 So.2d 574 (Fla. 4th DCA 1973), cert. den.,295 So.2d 305 (Fla. 1974).
[2] See, Town of Indian River Shores v. Coll, supra.; Tweed v.City of Cape Canaveral, supra.; Op. Att'y Gen. Fla. 90-54 (1990) (distinction between proprietary and governmental functions is no longer followed in Florida, given s. 166.021(4), Fla. Stat., securing broad municipal home rule powers to cities); Op. Att'y Gen. Fla. 84-100 (1984).
[3] See, Ops. Att'y Gen. Fla. 83-72 (1983), 84-58 (1984), 84-95 (1984), and 86-45 (1986).
[4] See, Op. Att'y Gen. Fla. 84-95 (1984), in which this office concluded that a school board was unauthorized to expend school funds for other than school purposes or in a manner conflicting with or other than as specified in s. 236.29, Fla. Stat.
[5] See also, Greene v. School Board of Hamilton County,444 So.2d 500 (Fla. 1st DCA 1984) (school board may not amend superintendent's recommendation as to duration of contract, but may only accept or reject recommendation and nomination as tendered); Cf. School Board of Collier County v. Florida TeachingProfession National Education Association, 559 So.2d 1197 (Fla. 2d DCA 1990) (absent statute prohibiting board's delegation of managerial authority to superintendent, specific grant of authority to school board and to superintendent regarding suspension of employees does not prevent board from delegating authority).
[6] Section 230.03(3), Fla. Stat.
[7] Section 230.33(7)(c), Fla. Stat.
[8] See, Green v. School Board of Hamilton County, supra; Op. Att'y Gen. Fla. 96-97 (1996) (school board may not accept superintendent's nominee for position and amend recommendation of a two-year rolling contract to limit the contract to a one-year term).
[9] Section 231.3605(1)(a), Fla. Stat. See also, s. 228.041(38), Fla. Stat., defining "educational support employees" as "employees whose job functions are neither administrative nor instructional, yet whose work supports the educational process."
[10] Section 231.3605(2)(a) and (b), Fla. Stat.
[11] Section 228.041(10), Fla. Stat.
[12] Section 228.041(10)(b), Fla. Stat.
[13] Cf., 231.36(1)(b), Fla. Stat., providing: "A supervisor or principal shall be properly certified and shall receive a written contract as specified in chapter 230. Such contract may be for an initial period not to exceed 3 years, subject to annual review and renewal."