Mr. Mark A. Winn Chief Assistant City Attorney City of St. Petersburg Post Office Box 2842 St. Petersburg, Florida 33731-2842
Dear Mr. Winn:
On behalf of the City of St. Petersburg, you have asked for my opinion on substantially the following question:
May the City of St. Petersburg enter into multi-year contracts that extend beyond the term of the present city commission without violating the State Constitution or Florida Statutes?
According to your letter, the City of St. Petersburg has recently been awarded several grants to aid in the completion of necessary projects. The City is considering entering into agreements with the Florida Department of Transportation and others to use these grants for certain airport and road improvements. As a provision of the grant agreements, the Department of Transportation has included a contract provision obligating the city to pay for any necessary future maintenance. Another contract requires the city to pay for cost overruns that may arise in the construction of roads. As you note, an agreement to commit to either of these undetermined types of expenditures may require the city to commit to appropriate funds at some future date to accomplish these projects.
The issue of the validity of a contract executed by a governmental entity extending beyond the term of office of the officers making the contract occurs most frequently in Florida case law relating to municipalities.[1]
Previously in this state, the governing body of a municipality could not enter into a contract that extended beyond the terms of office of the members if the subject matter of the contract was governmental. The governing body could, however, enter into contracts that involved subjects of a proprietary nature and were reasonable in the length of time to be extended.[2]
This distinction between proprietary and governmental functions has been abrogated for Florida municipalities with the passage of the Municipal Home Rule Powers Act.[3] As a result, the governing body of a municipality, in the absence of a charter or ordinance limitation, may enter into contracts, either proprietary or governmental in nature, for a period in excess of its term.
Accordingly, in the absence of a charter or ordinance provision limiting the authority of the city commission of the City of St. Petersburg to enter into multi-year contracts, the city may be a party to a contract that extends beyond the terms of the present commissioners.[4]
You have not advised this office whether the contracts that are the subject of this inquiry may involve a pledge of the city's ad valorem taxing power. However, Article VII, section 12, Florida Constitution, provides:
"Counties, school districts, municipalities, special districts and local governmental bodies with taxing powers may issue bonds, certificates of indebtedness or any form of tax anticipation certificates, payable from ad valorem taxation and maturing more than twelve months after issuance only: (a) to finance or refinance capital projects authorized by law and only when approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation; or (b) to refund outstanding bonds and interest and redemption premium thereon at a lower net average interest cost rate."
Thus, if a municipality enters into a contract to finance or refinance a capital project authorized by law that involves payments for a term in excess of twelve months, with such payments to be funded from ad valorem taxes, referendum approval is necessary.[5]
You also express concern that section 166.241(2), Florida Statutes, would preclude the city from entering into multi-year contracts. Section 166.241, Florida Statutes, requires municipalities to establish a fiscal year running from October 1 of each year through September 30 of the following year. The provision with which you are particularly concerned, section166.241(2), states:
"The governing body of each municipality shall adopt a budget each fiscal year. The budget must be adopted by ordinance or resolution unless otherwise specified in the respective municipality's charter. The amount available from taxation and other sources, including amounts carried over from prior fiscal years, must equal the total appropriations for expenditures and reserves. The budget must regulate expenditures of the municipality, and it is unlawful for any officer of a municipalgovernment to expend or contract for expenditures in any fiscal yearexcept in pursuance of budgeted appropriations." (e.s.)
The statute goes on to authorize budget amendments for particular purposes and establish a procedure for making such amendments.
Section 166.241(2), Florida Statutes, prohibits a municipal officer from contracting during the course of the fiscal year for expenditures that have not been the subject of an appropriation for that year.[6] This provision does not address the authority of a municipality to enter into a multi-year contract extending beyond the term of its current city commission. Further, a municipality would be bound by the provisions of the statute without regard to whether the municipality chooses to include a non-appropriation or fiscal non-funding clause in any contract to which it is a party.[7]
Therefore, it is my opinion that the City of St. Petersburg may enter into a contract that requires payments from non-ad valorem taxation sources beyond the end of the fiscal year without approval by referendum and subject to the appropriation of funds if such action is not prohibited by an ordinance or charter provision. Obligations for a term in excess of one year and funded from ad valorem sources, however, are subject to approval by eligible voters.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See Daly v. Stokell, 63 So.2d 644 (Fla. 1953); Town of Indian RiverShores v. Coll, 378 So.2d 53 (Fla. 4th DCA 1979); Tweed v. City of CapeCanaveral, 373 So.2d 408 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 755
(Fla. 1980); City of Riviera Beach v. Witt, 286 So.2d 574 (Fla. 4th DCA 1973), cert. denied, 295 So.2d 305 (Fla. 1974).
[2] Id.
[3] See Town of Indian River Shores v. Coll, supra n. 1; Tweed v. Cityof Cape Canaveral, supra n. 1; Op. Att'y Gen. Fla. 90-54 (1990) ("[t]his distinction between proprietary and governmental functions is no longer followed in Florida, in light of s. 166.021(4), F.S., securing broad municipal home rule powers to cities."); Op. Att'y Gen. Fla. 84-100 (1984).
[4] And see Op. Att'y Gen. Fla. 84-100 (1984).
[5] See Ops. Att'y Gen. Fla. 89-58 (1989) and 90-54 (1990).
[6] See Op. Att'y Gen. Fla. 74-285 (1974) (the plain meaning of section166.241 is that before a municipal officer can make an expenditure of municipal funds, an appropriation must have been made therefore).
[7] Cf., Op. Att'y Gen. Fla. 89-58 (1989).